**ORIGINAL**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

2005 JUL 28  P 3: 21

| | |
|---|---|
| **BENNY L. WRIGHT and KATHERINE** | ) |
| **E. WRIGHT, as parents and next** | ) |
| **friends of JESSICA W., a minor child,** | ) |
| | ) |
| **Plaintiffs,** | ) |
| | ) |
| **vs.** | ) |
| | ) |
| **THE CHILTON COUNTY BOARD OF** | ) |
| **EDUCATION; MILDRED ELLISON,** | ) |
| **individually and in her official** | ) |
| **capacity as Superintendent of Public** | ) |
| **Schools of Chilton County, Alabama;** | ) |
| **ANN GLASSCOCK, individually and** | ) |
| **in her official capacity as a duly** | ) |
| **elected member of The Chilton** | ) |
| **County Board of Education; ALAN** | ) |
| **CHILDRESS, individually and in** | ) |
| **his official capacity as a duly elected** | ) |
| **member of The Chilton County** | ) |
| **Board of Education; ANN THOMAS,** | ) |
| **individually and in her official** | ) |
| **capacity as a duly elected member** | ) |
| **of The Chilton County Board of** | ) |
| **Education; JOE MIMS, individually** | ) |
| **and in his official capacity as a duly** | ) |
| **elected member of The Chilton County** | ) |
| **Board of Education; PEGGY HARRIS,** | ) |
| **individually and in her official capacity** | ) |
| **as a duly elected member of The** | ) |
| **Chilton County Board of Education;** | ) |
| **CURTIS SMITH, individually and his** | ) |
| **official capacity as a duly elected** | ) |
| **member of The Chilton County** | ) |
| **Board of Education; MICHAEL** | ) |
| **GOTHARD, individually and in his** | ) |
| **official capacity as a duly elected** | ) |
| **member of The Chilton County** | ) |
| **Board of Education; DARYL BAKER,** | ) |
| **individually and in his official capacity** | ) |
| **as an officer, agent, servant, and** | ) |

CASE NO. 2 05 V 699 C

*(Jury Demand)*

**employee of The Chilton County**          )
**Board of Education; and DONNIE**          )
**FINLAYSON, individually and in his**      )
**official capacity as an officer, agent,** )
**servant, and employee of The**            )
**Chilton Chilton County Board of**         )
**Education,**                              )
                                            )
        **Defendants.**                     )
_____   )

## COMPLAINT FOR COMPENSATORY DAMAGES, PUNITIVE DAMAGES, AND FOR OTHER RELIEF

*COME NOW THE PLAINTIFFS, by and through their undersigned counsel of record, and for their complaint against the DEFENDANTS say as follows:*

### NATURE OF THE CASE

*This is a direct action for compensatory and punitive damages, as well as for injunctive relief, against THE CHILTON COUNTY BOARD OF EDUCATION, against individual members of the Board, and against certain individual representatives of the Board. This action is brought pursuant to 20 U.S.C. § 1400 et seq., THE INDIVIDUALS WITH DISABILITIES EDUCATION ACT, for the collective DEFENDANTS' failure and/or refusal to provide a disabled and terminally ill child with a free and appropriate public education that addresses her unique needs. Further, this action is brought pursuant to 42 U.S.C. § 1983 to redress the DEFENDANTS' deprivation(s) under color of state law of rights, privileges, and immunities secured to the said disabled child under the Fourteenth Amendment to the Constitution of the United States of America. Said DEFENDANTS are directly liable for constitutional and other deprivations caused by their creation of, or*

-2-

*acquiescence in, the policies, practices, procedures, directions, and/or customs which caused or contributed to the damages of PLAINTIFF JESSICA W. This action also advances pendent state law claims against a number of individual DEFENDANTS who either committed or who are vicariously liable for the acts and omissions hereafter described in the PLAINTIFFS' complaint.*

### *JURISDICTION AND VENUE*

*1.    The PLAINTIFFS file this action and institute these proceedings pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1342, to secure rights established by The Constitution and laws of The United States, including provisions of The Fourteenth Amendment to The Constitution, pursuant to 42 U.S.C. § 1983, and under the provisions of 20 U.S.C. § 1400 et seq. (THE INDIVIDUALS WITH DISABILITIES EDUCATION ACT).  This Court is also asked to exercise pendent jurisdiction over PLAINTIFFS' state law claims pursuant to 28 U.S.C.  § 1367.*

*2.    Venue is proper in this district and this division pursuant to § 28 U.S.C. § 1391(b) in that all or substantially all of the acts and omission complained of herein occurred in Chilton County, Alabama.*

### *STATEMENT OF THE PARTIES*

*3.    PLAINTIFFS reallege all of the above and foregoing paragraphs as if set forth herein.*

*4.    PLAINTIFF BENNY L. WRIGHT is an individual over 19 years of age currently residing in Chilton County, Alabama.  He is the parent, guardian, and next friend*

of PLAINTIFF JESSICA W., a minor child.

5.      PLAINTIFF KATHERINE E. WRIGHT is an individual over 19 years of age currently residing in Chilton County, Alabama.  She is the parent, guardian, and next friend of PLAINTIFF JESSICA W., a minor child.

6.      PLAINTIFF JESSICA W. is a minor child under 19 years of age currently residing in Chilton County, Alabama.  This proceeding is brought in her behalf by her parents and next friend, PLAINTIFFS BENNY L. WRIGHT and KATHERINE E. WRIGHT.

7.      DEFENDANT CHILTON COUNTY BOARD OF EDUCATION, acting by and through it's members, is charged with the responsibility for the administration and management of the programs and activities of public elementary and secondary education in Chilton County, Alabama.  The BOARD has responsibility for the supervision of it's officers, agents, servants, and employees, including school teachers, teacher's aides, and school administrators.  The BOARD has the responsibility to ensure compliance with those laws and regulations affecting public elementary and secondary education, including the INDIVIDUALS WITH DISABILITIES EDUCATION ACT, hereinafter referred to as "IDEA," 20 U.S. C. § 1400 et seq., and the regulations promulgated thereunder.  The BOARD is a recipient of federal funds under a variety of programs and has given assurance of compliance with all requirements attached to the receipt of those funds.  At all times pertinent hereto, said DEFENDANT, while acting under color of state law, acted in bad faith, engaged in wrongdoing, conspired, had knowledge of, participated in, or condoned the actions complained of which caused harm to PLAINTIFF JESSICA W., or failed to prevent or aided in a failure to prevent the actions which violated clearly established

constitutional or civil rights of PLAINTIFF JESSICA W., and failed to prevent or aided in a failure to prevent actions which deprived PLAINTIFF JESSICA W. of clearly established constitutional or civil rights.

8.     DEFENDANT MILDRED ELLISON is an individual over 19 years of age currently residing in Chilton County, Alabama.  She is the duly elected Superintendent of Public Schools of Chilton County, Alabama, and she is sued individually as well as in her official capacity.  Besides being liable for her own illegal conduct and tortuous acts, DEFENDANT ELLISON is vicariously, derivatively, and directly responsible for the acts and omissions of her agents, apparent agents, employees or representatives of THE CHILTON COUNTY BOARD OF EDUCATION.  At all times pertinent hereto, said DEFENDANT, while acting under color of state law, acted in bad faith, engaged in wrongdoing, conspired, had knowledge of, participated in, or condoned the actions complained of which caused harm to PLAINTIFF JESSICA W., or failed to prevent or aided in a failure to prevent the actions which violated clearly established constitutional or civil rights of PLAINTIFF JESSICA W., and failed to prevent or aided in a failure to prevent actions which deprived PLAINTIFF JESSICA W. of clearly established  constitutional or civil rights.

9.     DEFENDANT ANN GLASSCOCK is an individual over 19 years of age currently residing in Chilton County, Alabama.  She is sued individually and in her official capacity as a duly elected member of The Chilton County Board of Education.  Besides being liable for her own illegal conduct and tortuous acts, she is vicariously, derivatively , and directly responsible for the acts and omissions of her agents, apparent agents, employees or representatives of THE CHILTON COUNTY BOARD OF EDUCATION.  At

-5-

all times pertinent hereto, said DEFENDANT, while acting under color of state law, acted in bad faith, engaged in wrongdoing, conspired, had knowledge of, participated in, or condoned the actions complained of which caused harm to PLAINTIFF JESSICA W., or failed to prevent or aided in a failure to prevent the actions which violated clearly established constitutional or civil rights of PLAINTIFF JESSICA W., and failed to prevent or aided in a failure to prevent actions which deprived PLAINTIFF JESSICA W. of clearly established  constitutional or civil rights.

10.    DEFENDANT ALAN CHILDRESS  is an individual over 19 years of age currently residing in Chilton County, Alabama.  He is sued individually and in his official capacity as a duly elected member of The Chilton County Board of Education.  Besides being liable for his own illegal conduct and tortuous acts, he is vicariously, derivatively , and directly responsible for the acts and omissions of his agents, apparent agents, employees or representatives of THE CHILTON COUNTY BOARD OF EDUCATION.   At all times pertinent hereto, said DEFENDANT, while acting under color of state law, acted in bad faith, engaged in wrongdoing, conspired, had knowledge of, participated in, or condoned the actions complained of which caused harm to PLAINTIFF JESSICA W., or failed to prevent or aided in a failure to prevent the actions which violated clearly established constitutional or civil rights of PLAINTIFF JESSICA W., and failed to prevent or aided in a failure to prevent actions which deprived PLAINTIFF JESSICA W. of clearly established  constitutional or civil rights.

11.    DEFENDANT ANN THOMAS is an individual over 19 years of age currently residing in Chilton County, Alabama.  She is sued individually and in her official capacity

*as a duly elected member of The Chilton County Board of Education. Besides being liable for her own illegal conduct and tortuous acts, she is vicariously, derivatively , and directly responsible for the acts and omissions of her agents, apparent agents, employees or representatives of THE CHILTON COUNTY BOARD OF EDUCATION. At all times pertinent hereto, said DEFENDANT, while acting under color of state law, acted in bad faith, engaged in wrongdoing, conspired, had knowledge of, participated in, or condoned the actions complained of which caused harm to PLAINTIFF JESSICA W., or failed to prevent or aided in a failure to prevent the actions which violated clearly established constitutional or civil rights of PLAINTIFF JESSICA W., and failed to prevent or aided in a failure to prevent actions which deprived PLAINTIFF JESSICA W. of clearly established constitutional or civil rights.*

*12.    DEFENDANT JOE MIMS is an individual over 19 years of age currently residing in Chilton County, Alabama. He is sued individually and in his official capacity as a duly elected member of The Chilton County Board of Education. Besides being liable for his own illegal conduct and tortuous acts, he is vicariously, derivatively , and directly responsible for the acts and omissions of his agents, apparent agents, employees or representatives of THE CHILTON COUNTY BOARD OF EDUCATION. At all times pertinent hereto, said DEFENDANT, while acting under color of state law, acted in bad faith, engaged in wrongdoing, conspired, had knowledge of, participated in, or condoned the actions complained of which caused harm to PLAINTIFF JESSICA W., or failed to prevent or aided in a failure to prevent the actions which violated clearly established constitutional or civil rights of PLAINTIFF JESSICA W., and failed to prevent or aided in a*

failure to prevent actions which deprived PLAINTIFF JESSICA W. of clearly established constitutional or civil rights.

13.    DEFENDANT PEGGY HARRIS is an individual over 19 years of age currently residing in Chilton County, Alabama. She is sued individually and in her official capacity as a duly elected member of The Chilton County Board of Education. Besides being liable for her own illegal conduct and tortuous acts, she is vicariously, derivatively , and directly responsible for the acts and omissions of her agents, apparent agents, employees or representatives of THE CHILTON COUNTY BOARD OF EDUCATION. At all times pertinent hereto, said DEFENDANT, while acting under color of state law, acted in bad faith, engaged in wrongdoing, conspired, had knowledge of, participated in, or condoned the actions complained of which caused harm to PLAINTIFF JESSICA W., or failed to prevent or aided in a failure to prevent the actions which violated clearly established constitutional or civil rights of PLAINTIFF JESSICA W., and failed to prevent or aided in a failure to prevent actions which deprived PLAINTIFF JESSICA W. of clearly established constitutional or civil rights.

14.    DEFENDANT CURTIS SMITH is an individual over 19 years of age currently residing in Chilton County, Alabama. He is sued individually and in his official capacity as a duly elected member of The Chilton County Board of Education. Besides being liable for his own illegal conduct and tortuous acts, he is vicariously, derivatively , and directly responsible for the acts and omissions of his agents, apparent agents, employees or representatives of THE CHILTON COUNTY BOARD OF EDUCATION. At all times pertinent hereto, said DEFENDANT, while acting under color of state law, acted in bad

faith, engaged in wrongdoing, conspired, had knowledge of, participated in, or condoned the actions complained of which caused harm to PLAINTIFF JESSICA W., or failed to prevent or aided in a failure to prevent the actions which violated clearly established constitutional or civil rights of PLAINTIFF JESSICA W., and failed to prevent or aided in a failure to prevent actions which deprived PLAINTIFF JESSICA W. of clearly established constitutional or civil rights.

15.    DEFENDANT MICHAEL GOTHARD is an individual over 19 years of age currently residing in Chilton County, Alabama.  He is sued individually and in his official capacity as a duly elected member of The Chilton County Board of Education.  Besides being liable for his own illegal conduct and tortuous acts, he is vicariously, derivatively , and directly responsible for the acts and omissions of his agents, apparent agents, employees or representatives of THE CHILTON COUNTY BOARD OF EDUCATION.  At all times pertinent hereto, said DEFENDANT, while acting under color of state law, acted in bad faith, engaged in wrongdoing, conspired, had knowledge of, participated in, or condoned the actions complained of which caused harm to PLAINTIFF JESSICA W., or failed to prevent or aided in a failure to prevent the actions which violated clearly established constitutional or civil rights of PLAINTIFF JESSICA W., and failed to prevent or aided in a failure to prevent actions which deprived PLAINTIFF JESSICA W. of clearly established  constitutional or civil rights.

16.    DEFENDANT DARYL BAKER is an individual over 19 years of age currently residing in Chilton County, Alabama.  He is sued individually and in his official capacity as an officer, agent, servant, and employee of The Chilton County Board of Education.

*Besides being liable for his own illegal conduct and tortuous acts, he is vicariously, derivatively , and directly responsible for the acts and omissions of his agents, apparent agents, employees or representatives of THE CHILTON COUNTY BOARD OF EDUCATION.  At all times pertinent hereto, said DEFENDANT, while acting under color of state law, acted in bad faith, engaged in wrongdoing, conspired, had knowledge of, participated in, or condoned the actions complained of which caused harm to PLAINTIFF JESSICA W., or failed to prevent or aided in a failure to prevent the actions which violated clearly established constitutional or civil rights of PLAINTIFF JESSICA W., and failed to prevent or aided in a failure to prevent actions which deprived PLAINTIFF JESSICA W. of clearly established  constitutional or civil rights.*

*17.    DEFENDANT DONNIE FINLAYSON is an individual over 19 years of age currently residing in Chilton County, Alabama.  He is sued individually and in his official capacity as an officer, agent, servant, employee, or representative of The Chilton County Board of Education.  Besides being liable for his own illegal conduct and tortuous acts, he is vicariously, derivatively , and directly responsible for the acts and omissions of his agents, apparent agents, employees or representatives of THE CHILTON COUNTY BOARD OF EDUCATION.  At all times pertinent hereto, said DEFENDANT, while acting under color of state law, acted in bad faith, engaged in wrongdoing, conspired, had knowledge of, participated in, or condoned the actions complained of which caused harm to PLAINTIFF JESSICA W., or failed to prevent or aided in a failure to prevent the actions which violated clearly established constitutional or civil rights of PLAINTIFF JESSICA W., and failed to prevent or aided in a failure to prevent actions which deprived PLAINTIFF*

JESSICA W. of clearly established  constitutional or civil rights.

### FACTUAL ALLEGATIONS

18.    PLAINTIFFS reallege all of the above and foregoing paragraphs as if set out here in full.

19.    PLAINTIFF JESSICA W. is a minor child who is presently a student in the Chilton County public school system.  During the 2004-2005 academic school year she attended Clanton Middle School in Clanton, Alabama where she was enrolled in the seventh grade.

20.    PLAINTIFF JESSICA W. suffers from a terminal disease known as cystic fibrosis and she has been diagnosed as terminally ill.  Cystic fibrosis (hereinafter referred to as "C.F.") is defined as "[a]n inherited disease of [the] exocrine glands affecting the pancreas, respiratory system, and apocrine glands.   [It] usually begins in infancy and is characterized by chronic respiratory infection, pancreatic insufficiency, and increased electrolytes in sweat.   [It] is the major cause of severe chronic lung disease in children. . . the etiology and primary defect of cystic fibrosis are unknown."  **Taber's Cyclopedic Medical Dictionary** at 485 (17th edition 1993).   "Median cumulative survival is approximately 20 years."  Id.  Jessica is presently thirteen (13) years of age.

21.    PLAINTIFFS aver that JESSICA W. is a handicapped child who is eligible for special education and related services under the IDEA and that her ability to learn is impacted by her health issues.

22.    PLAINTIFFS aver that the BOARD receives federal funds from the United

States Department of Education pursuant to the IDEA and is required to provide special education and services to handicapped students within Chilton County, Alabama.

23.    PLAINTIFFS aver that the BOARD has failed and/or refuses to fulfill its obligation(s) under the IDEA to provide PLAINTIFF JESSICA W., a disabled child, with an appropriate and fully integrated public education.

24.    PLAINTIFFS aver that the failure of the BOARD to make accommodations so as to meet the child's needs pursuant to IDEA has been wilful, dilatory, contumacious, and in bad faith.  This includes, *inter alia*, the failure and/or refusal of the BOARD to plan and develop an Individual Education Program ("I.E.P.") to make accommodations for the child's disabilities.  Sample modifications for an elementary/secondary education for a child with CF might include:   (i) the child is allowed to carry and take her own enzymes; (ii) the child is moved away from other classmates who are sick; (iii) the child is allowed to eat snacks in class; (vi) the child does not need to ask permission to go to the bathroom or get a drink;   (v) the child's homework is sent home during absence; (vi) the child receives tutoring after three absences; (vii) the child receives a second set of textbooks for the home; and (vii) the child receives administration by a registered nurse of aerosolized medication if required.

25.    PLAINTIFFS BENNY L. WRIGHT and KATHERINE E. WRIGHT, as parents of PLAINTIFF JESSICA W., have requested through a duly authorized representative that the BOARD fulfill it's legal obligations to PLAINTIFF JESSICA W. by planning and developing an I.E.P. and otherwise complying with all of the provisions of IDEA.  On one such occasion DEFENDANT MILDRED ELLISON, the superintendent of public schools,

replied "I have spoken with all other the parties involved and she does not meet the requirements for being under a disability; this is just a pity party for her to get her way with things."

26.     PLAINTIFFS further aver that in addition to the BOARD'S failure and/or refusal to plan and develop an I.E.P., officials of the BOARD have intimidated, coerced, belittled, and discredited PLAINTIFF JESSICA W. in violation of both the letter and spirit of IDEA.  School officials have told JESSICA she is not ill and that her disability is thus not genuine.   On one occasion DEFENDANT DONNIE FINLAYSON, the principal of JESSICA'S school, told her that "if you are going to be sick all the time, and you are going to be such a 'teaty baby' then you need to stay at home."   On another occasion DEFENDANT FINLAYSON told JESSICA "I am tired of you using your illness as an excuse to miss class."   Further evidence of the bad faith of the collective DEFENDANTS, and each of them, is manifested by the disparate treatment recently visited upon PLAINTIFF JESSICA W. with respect to school cheerleader activities.  PLAINTIFF JESSICA W. was duly selected back in the spring of 2004 to be a junior high school cheerleader at Clanton Middle School for the 2004-2005 academic school year.   The cheerleader selection process was recently conducted to select cheerleaders for the upcoming 2005-2006 academic school year which commences in the Fall of 2005.  PLAINTIFF JESSICA W. participated in the recent selection process in hopes of being chosen to be a cheerleader for another academic school year.   Despite the fact that her terminal illness has not interfered with her cheerleader activities, JESSICA was not chosen by the judges who selected the cheerleaders for the coming academic year.  Despite a written policy to the

-13-

contrary, and notwithstanding the fact that the school district has had to address this contentious issue on almost an annual basis, adult relatives of several of the cheerleader contestants were permitted to sit as judges on the selection committee. All or substantially all of the girls who had relatives on the committee were chosen to be cheerleaders. PLAINTIFF JESSICA W. had no relative sitting on the selection committee and she was not chosen to be a cheerleader for the coming academic school year. Extracurricular activities are an essential part of an I.E.P. in a situation where a school district voluntarily complies with the requirements of IDEA. The costs to the school district for providing such extracurricular activities and special tutoring to disabled students can be substantial. In the matter at bar, continued participation by PLAINTIFF JESSICA W. in cheerleading activities would have presented a unique method of addressing JESSICA'S disability while keeping her in a mainstream school environment. Had the DEFENDANTS followed their own written policies which prohibit the involvement of relatives of contestants in the cheerleader selection process, thus enabling JESSICA to "tryout" for cheerleader in a fair and equitable manner, the DEFENDANTS could have taken a giant step forward in fulfilling their legal duties to JESSICA under IDEA. Cheerleading would be a cost-effective way for the school district to accommodate JESSICA in that the physical activity of cheerleading itself would provide a replacement for physical therapy, and the experience of participation by JESSICA with the other girls would serve as a substitute for outside tutoring. It is singular to note that JESSICA'S school attendance was markedly improved when she was on the cheerleader squad for the 2004-2005 academic school year.

27.    With respect to it's failure and/or refusal to comply with the procedures for

preparing an I.E.P., PLAINTIFFS aver that the acts and omissions of the BOARD, as well as it's duty authorized representatives, have been malicious, wanton, oppressive, or in the alternative, were gross, malicious, oppressive, and intended to injure the PLAINTIFF JESSICA W.

### COUNT 1 - Damages for Violation of 20 U.S.C. § 1400
### (Individuals with Disabilities in Education Act)

28.    PLAINTIFFS reallege all of the above and foregoing paragraphs as if set out here in full.

29.    The BOARD is a recipient of federal funds under a variety of assistance programs.  As such the BOARD is subject to the terms of IDEA and it's implementing regulations.

30.    The conduct of the BOARD and it's officials, as set forth with particularity in the above and foregoing paragraphs, amounts to wilful refusal to comply with IDEA and thereby has had the effect of denying PLAINTIFF JESSICA W. access to the educational opportunities provided by her school and/or the benefits of the educational programs operated by the BOARD.  Said DEFENDANTS are directly liable for constitutional and other deprivations caused by their creation of, or acquiescence in, the policies, practices, procedures, directions, and/or customs which caused or contributed to the damages of PLAINTIFF JESSICA W.

31.    Further, as a recipient of federal funds the BOARD and it's agents were required to give assurance to the federal funding agencies that they were in compliance with all terms and conditions, including the requirements of IDEA and it's implementing

regulations, in order to receive federal financial assistance.

32.    As a result of the conduct of the BOARD and it's agents as described with particularity hereinabove, the BOARD has failed to abide by the assurance of compliance with IDEA to the consequential injury of PLAINTIFF JESSICA W.

33.    PLAINTIFF JESSICA W. has suffered and continues to suffer, significant pain and suffering, mental anguish, and emotional distress. Moreover, her parents have been forced to seek legal representation to enforce JESSICA'S legal rights and they have incurred or will incur expenses and attorneys fees in conjunction therewith.

### *Relief Requested*

34.    The foregoing considered, PLAINTIFFS respectfully request that the Court grant them the following relief and such other relief as the Court may deem proper and appropriate:

35.    An injunction requiring the BOARD to immediately bring itself into compliance with the requirements of IDEA and to provide PLAINTIFF JESSICA W. with appropriate benefits and services.

36.    An injunction directing the DEFENDANT BOARD MEMBERS to instruct their subordinate officers, agents, servants, employees, and representatives to refrain from any intimidation, coercion, harassment, or maltreatment of JESSICA in retaliation for the filing of this lawsuit.

37.    An injunction requiring the BOARD to bring itself into future compliance with the requirements of IDEA in order to prevent further denial(s) to JESSICA of benefits and services.

38.    *Compensatory and punitive damages to be determined by an enlightened jury to compensate PLAINTIFF JESSICA W. for her injuries and to punish and deter the BOARD and others from such violations in the future; and*

39.    *An award of attorney's fees and costs.*

## COUNT 2 - Damages for Violations of 42 U.S.C. § 1983
### (Civil Rights)

40.    *PLAINTIFFS reallege all of the above and foregoing paragraphs as if set out here in full.*

41.    *The Board members and other individual DEFENDANTS are entrusted with the health, safety, and welfare of elementary school students like the minor PLAINTIFF who is placed by operation of law into their charge.*

42.    *The right of PLAINTIFF JESSICA W. to personal safety, security, privacy, and health, as, guaranteed by due process clause and the equal protection clause of the Fourteenth Amendment, was violated when the DEFENDANTS failed and/or refused to comply with the provisions of IDEA, including but not limited to, their failure and/or refusal to adopt an Individual Education Program ("I.E.P.") for PLAINTIFF JESSICA W..*

43.    *The DEFENDANTS demonstrated deliberate indifference when they failed to develop, implement, and administer procedures or policies reasonably designed to provide the minor PLAINTIFF with special education and related services under the IDEA. This deliberate indifference constitutes a violation of the minor PLAINTIFFS' substantive due process and equal protection rights as secured by the Fourteenth Amendment.*

44.    *The failure of the DEFENDANTS to provide the minor PLAINTIFF with special*

-17-

education and related services under the IDEA demonstrates the DEFENDANTS'
deliberate indifference to the constitutional rights of the minor PLAINTIFF and such failure
caused a constitutional injury to the minor PLAINTIFF and constitutes a violation of the
minor PLAINTIFFS' substantive due process and equal protection rights as secured by the
Fourteenth Amendment.

45.     The right of the minor PLAINTIFF to receive enjoy special education and
related services under IDEA was at all relevant times clearly established in the law.
Moreover, the actions and inactions of the DEFENDANTS described hereinabove were
carried out by the DEFENDANTS while acting under color of state law.  Therefore, the
failure and/or refusal of the BOARD members, Superintendent MILDRED ELLISON, and
Principal DONNIE FINLAYSON, while acting under the color of state law, to develop,
implement and enforce policies and procedures designed to comply with the provisions of
IDEA, constitutes violations of the minor PLAINTIFFS' clearly established legal rights and
as such creates liability on behalf of the DEFENDANTS.

## **_Relief Requested_**

46.     The foregoing considered, the PLAINTIFFS respectfully request that the
Court grant them the following relief:

47.     Compensatory and punitive damages in an amount to be determined by an
enlightened jury in an amount adequate to compensate the minor PLAINTIFF for her
injuries and to punish the DEFENDANTS and deter the DEFENDANTS and others from
such violations in the future.

-18-

48.    Such other relief including equitable relief as the Court may deem just and appropriate; and,

49.    An award of attorney's fees and costs.

### COUNT 3 - Outrage/Intentional Infliction of Emotional Distress

50.    PLAINTIFFS reallege all of the above and foregoing paragraphs as if set out here in full.

51.    This count is brought under the pendent jurisdiction of the Court.

52.    PLAINTIFFS allege that DEFENDANTS MILDRED ELLISON and DONNIE FINLAYSON intentionally and recklessly caused them to suffer extreme emotional distress by their outrageous misconduct which is specified with particularity in the above and foregoing paragraphs.  This includes but is not limited to the following: (i) DEFENDANT FINLAYSON'S statement to JESSICA (a terminally ill child) that "if you are going to be sick all the time, and you are going to be such a 'teaty baby' you need to stay at home; (ii) DEFENDANT FINLAYSON'S statement to Jessica (a terminally ill child) that, "I am tired of you using your illness as an excuse  to miss class;" and (iii) DEFENDANT FINLAYSON'S statement to PLAINTIFF KATHERINE WRIGHT that, "just because you are a substitute teacher, I do not want her [JESSICA] taking advantage of that and missing class just to hang around with you."

53.    The actions of said DEFENDANTS towards the PLAINTIFFS were so outrageous in character and so extreme in degree as to go beyond all possible bounds of decency, and are so atrocious as to be utterly intolerable in a civilized society.

-19-

54.    The said DEFENDANTS acted with the intention to cause PLAINTIFFS extreme emotional distress, and the knowledge that their actions would result in extreme emotional distress to the PLAINTIFFS and the emotional distress that said DEFENDANTS caused PLAINTIFFS to suffer was so severe and so outrageous that no reasonable person could be expected to endue it.

55.    As a proximate result of this shocking, unconscionable, and outrageous conduct the PLAINTIFFS were caused to suffer the following injuries and damages: they have suffered disability; they have suffered loss of the capacity for the enjoyment of life; they have suffered loss of the ability to earn money; they have suffered severe mental anguish and emotional distress from then and until now and they will continue to suffer in the future; they have been humiliated, embarrassed, held up to public scorn and derision; and they have been forced to seek legal representation to enforce their legal rights and they have incurred or will incur expenses and attorney's fees in connection therewith.

56.    The actions of DEFENDANTS were malicious, wanton, and oppressive, or in the alternative, were gross, malicious, oppressive and were intended to injure the said PLAINTIFF.

57.    The actions of said DEFENDANTS constituted conduct involving actual malice, or in the alternative, constituted a pattern and practice of intentional wrongful conduct.  As a proximate consequence of the said misconduct, PLAINTIFFS have been injured and damaged as alleged in the above and foregoing paragraphs.

WHEREFORE, THE PREMISES CONSIDERED, PLAINTIFFS demand judgment against the collective DEFENDANTS, each of them jointly and severally, for all

compensatory and punitive damages recoverable at law in an amount to be determined by

an enlightened jury, for the purpose of adequately compensating the PLAINTIFFS and

sufficiently punishing the DEFENDANTS for their wrongful conduct, and to deter such

similar wrongful conduct in the future, said amount in excess of ONE HUNDRED

THOUSAND DOLLARS ($100,000,000.00) plus interest and costs.

### Count 4 - Negligent/Wanton Supervision by Defendant Mildred Ellison

58.    PLAINTIFFS reallege all of the above and foregoing paragraphs as if set out

here in full.

59.    This count is brought under the pendent jurisdiction of the Court.

60.    PLAINTIFFS allege that DEFENDANT MILDRED ELLISON, as the duly

elected Superintendent of Public Schools of Chilton County, Alabama, did negligently

and/or wantonly investigate, hire, train, supervise and monitor DEFENDANT DONNIE

FINLAYSON in his capacity as principal of Clanton Middle School.    Specifically,

DEFENDANT MILDRED ELLISON: (i) failed to instruct, train, supervise, and monitor

DEFENDANT FINLAYSON with respect to his essential duty to identify PLAINTIFF

JESSICA W. as a disabled child and to ensure compliance with the provisions of IDEA,

notwithstanding the fact that DEFENDANT FINLAYSON received reports from another

school district that PLAINTIFF JESSICA W. was receiving supplemental aids and special

services in that school district pursuant to IDEA;  (ii) failed to instruct, train, supervise, and

monitor DEFENDANT FINLAYSON with respect to his essential duty to ensure that his

treatment of JESSICA W. complied with IDEA; (iii) failed to instruct, train, supervise, and

monitor DEFENDANT FINLAYSON with respect to his essential duty to develop an individualized education program (I.E.P.) that is adequate and appropriate to meet the unique needs of PLAINTIFF JESSICA W.; (iv) failed to order and direct DEFENDANT FINLAYSON to provide PLAINTIFF JESSICA W. with special education and related services as required by IDEA upon learning of his failure and/or refusal to do so; and (v) failed to take any disciplinary action whatsoever against DEFENDANT FINLAYSON upon learning of his acts and omissions as set forth with particularly in the above and foregoing paragraphs.

61.    As a proximate result of such negligent/wanton supervision by DEFENDANT MILDRED ELLISON the PLAINTIFFS have suffered the following injuries and damages: they have suffered disability; they have suffered loss of the capacity for the enjoyment of life; they have suffered loss of the ability to earn money; they have suffered severe mental anguish and emotional distress from then and until now and they will continue to suffer in the future; they have been humiliated, embarrassed, held up to public scorn and derision; and they been forced to seek legal representation to enforce their legal rights and they have incurred or will incur expenses and attorney's fees in connection therewith.

62.    The actions of DEFENDANTS were malicious, wanton, and oppressive, or in the alternative, were gross, malicious, oppressive and were intended to injure the said PLAINTIFFS.

63.    The actions of said DEFENDANTS constituted conduct involving actual malice, or in the alternative, constituted a pattern and practice of intentional wrongful conduct. As a proximate consequence of the said misconduct, PLAINTIFFS have been

*injured and damaged as alleged in the above and foregoing paragraphs.*

*WHEREFORE, THE PREMISES CONSIDERED, PLAINTIFFS demand judgment against the collective DEFENDANTS, each of them jointly and severally, for all compensatory and punitive damages recoverable at law in an amount to be determined by an enlightened jury, for the purpose of adequately compensating the PLAINTIFFS and sufficiently punishing the DEFENDANTS for their wrongful conduct, and to deter such similar wrongful conduct in the future, said amount in excess of ONE HUNDRED THOUSAND DOLLARS ($100,000,000.00) plus interest and costs.*

### *Count 5 - Negligent/Wanton Supervision by Chilton County Board of Education*

*64.    PLAINTIFFS reallege all of the above and foregoing paragraphs as if set out here in full.*

*65.    This count is brought under the pendent jurisdiction of the Court.*

*66.    PLAINTIFFS allege that DEFENDANT MEMBERS of THE CHILTON COUNTY BOARD OF EDUCATION, namely DEFENDANTS ANN GLASSCOCK, ALAN CHILDRESS, EDDIE REID, JOE MIMS, PEGGY HARRIS, CURTIS SMITH, MICHAEL GOTHARD, and ANN THOMAS, did negligently/wantonly train, supervise, and monitor DEFENDANT MILDRED ELLISON in her capacity as an officer, agent, servant, and employee of THE CHILTON COUNTY BOARD OF EDUCATION. Specifically, said board members: (i) failed to instruct, train, supervise, and monitor DEFENDANT ELLISON with respect to her essential duty to identify PLAINTIFF JESSICA W. as a disabled child and to ensure compliance with the provisions of IDEA, notwithstanding the fact that*

DEFENDANT ELLISON received reports from another school district that PLAINTIFF JESSICA W. was receiving supplemental aids and special services in that school district pursuant to IDEA;    (ii) failed to instruct, train, supervise, and monitor DEFENDANT ELLISON with respect to her essential duty to ensure that her treatment of JESSICA W. complied with IDEA; (iii) failed to instruct, train, supervise, and monitor DEFENDANT ELLISON with respect to her essential duty to develop an individualized education program (I.E.P.) that is adequate and appropriate to meet the unique needs of  PLAINTIFF JESSICA W.; (iv) failed to order and direct DEFENDANT ELLISON to provide PLAINTIFF JESSICA W. with special education and related services as required by IDEA upon learning of her failure and/or refusal to do so; and (v) failed to take any disciplinary action whatsoever against DEFENDANT ELLISON upon learning of her acts and omissions as set forth with particularly in the above and foregoing paragraphs.

67.    The actions of DEFENDANT MEMBERS OF THE CHILTON COUNTY BOARD OF EDUCATION were malicious, wanton, and oppressive, or in the alternative, were gross, malicious, oppressive and were intended to injure the said PLAINTIFFS.

68.    The actions of said DEFENDANT MEMBERS OF THE CHILTON COUNTY BOARD OF EDUCATION constituted conduct involving actual malice, or in the alternative, constituted a pattern and practice of intentional wrongful conduct.  As a proximate consequence of the said misconduct, PLAINTIFFS have been injured and damaged as alleged in the above and foregoing paragraphs.

WHEREFORE, THE PREMISES CONSIDERED, PLAINTIFFS demand judgment against the collective DEFENDANTS, each of them jointly and severally, for all

*compensatory and punitive damages recoverable at law in an amount to be determined by an enlightened jury, for the purpose of adequately compensating the PLAINTIFFS and sufficiently punishing the DEFENDANTS for their wrongful conduct, and to deter such similar wrongful conduct in the future, said amount in excess of ONE HUNDRED THOUSAND DOLLARS ($100,000,000.00) plus interest and costs.*

### *Count 6 - Loss of Services of a Child*

*69.    PLAINTIFFS reallege all of the above and foregoing paragraphs as if set out here in full.*

*70.    This cause of action is brought by PLAINTIFFS and BENNY L. WRIGHT and KATHERINE E. WRIGHT.*

*71.    PLAINTIFFS BENNY L. WRIGHT and KATHERINE E WRIGHT have been damaged in that they have suffered a loss of society, companionship, and services of their child JESSICA W., as a result of her injuries.*

*72.    Said PLAINTIFFS claim damages for loss of services and society of the said child.*

*73.    PLAINTIFFS claim punitive damages due to the wilful wanton, malicious, and outrageous nature of the DEFENDANTS' conduct.*

*74.    As a proximate result of the said tortuous misconduct on the part of the DEFENDANTS, PLAINTIFFS were caused to suffer the following injuries and damages: they have suffered disability; they have suffered loss of the capacity for the enjoyment of life; they have suffered loss of the ability to earn money; they have suffered severe mental*

anguish and emotional distress from then and until now and they will continue to suffer in the future; they have been humiliated, embarrassed, held up to public scorn and derision; and they been forced to seek legal representation to enforce their legal rights and they have incurred or will incur expenses and attorney's fees in connection therewith.

75.    The actions of the DEFENDANTS were fraudulent, malicious, wanton, and oppressive, or in the alternative, were gross, malicious, oppressive and were intended to injure the said PLAINTIFFS.

76.    The actions of the DEFENDANTS constituted conduct involving actual malice, or in the alternative, constituted a pattern or practice of intentional wrongful conduct.  As a proximate consequence of the said wrongful conduct, PLAINTIFFS have been injured and damaged as alleged in the above and foregoing paragraphs.

WHEREFORE, THE PREMISES CONSIDERED, PLAINTIFFS demand judgment against THE COLLECTIVE DEFENDANTS, each of them jointly and severally, for all compensatory and punitive damages recoverable at law in an amount to be determined by an enlightened jury, for the purpose of adequately compensating the PLAINTIFFS and sufficiently punishing the DEFENDANTS for their wrongful conduct, and to deter such similar wrongful conduct in the future, said amount in excess of  ONE HUNDRED THOUSAND DOLLARS ($100,000,000.00) DOLLARS ($100,000,000.00) plus interest and costs.

Filed this the __28__ day of July, 2005.

GEORGE E. JONES, III
Ala. Bar I.D. ASB-9546-S82G
Attorney for the Plaintiffs

-26-

## JURY DEMAND

PLAINTIFFS hereby request trial by struck jury as to all counts so triable.

OF COUNSEL

ADDRESS OF COUNSEL:

GEORGE E. JONES, III
ATTORNEY & COUNSELOR AT LAW
711 Alabama Avenue
P. O. Box 9
Selma, Alabama 36702-0009
(334) 874-6617

-27-

**SERVE DEFENDANTS BY CERTIFIED MAIL:**

**CHILTON COUNTY BOARD OF EDUCATION**
**c/o MILDRED ELLISON, as Superintendent**
**1705 Lay Dam Road**
**Clanton, Alabama 35045**

**MILDRED ELLISON, Superintendent**
**Chilton County Board of Education**
**1705 Lay Dam Road**
**Clanton, Alabama 35045**

**ANN GLASSCOCK, member**
**Chilton County Board of Education**
**1705 Lay Dam Road**
**Clanton, Alabama 35045**

**ALAN CHILDRESS, member**
**Chilton County Board of Education**
**1705 Lay Dam Road**
**Clanton, Alabama 35045**

**ANN THOMAS, member**
**Chilton County Board of Education**
**1705 Lay Dam Road**
**Clanton, Alabama 35045**

**JOE MIMS, member**
**Chilton County Board of Education**
**1705 Lay Dam Road**
**Clanton, Alabama 35045**

**PEGGY HARRIS, member**
**Chilton County Board of Education**
**1705 Lay Dam Road**
**Clanton, Alabama 35045**

**CURTIS SMITH, member**
**Chilton County Board of Education**
**1705 Lay Dam Road**
**Clanton, Alabama 35045**

**MICHAEL GOTHARD, member**
**Chilton County Board of Education**
**1705 Lay Dam Road**
**Clanton, Alabama 35045**

**DARYL BAKER, member**
**Chilton County Board of Education**
**1705 Lay Dam Road**
**Clanton, Alabama 35045**

**DONNIE FINLAYSON, principal**
**Chilton County Board of Education**
**1705 Lay Dam Road**
**Clanton, Alabama 35045**