IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DISTRICT

| | | |
|---|---|---|
| BENNY L. WRIGHT and KATHERINE E. WRIGHT, as parents and next friends of JESSICA W., a minor | ) ) ) ) | |
| Plaintiffs, | ) ) | Case No. 2:05-CV-0699-C |
| v. | ) ) | |
| THE CHILTON COUNTY BOARD OF EDUCATION, et al. | ) ) ) ) | |

**DEFENDANTS' BRIEF IN SUPPORT OF MOTION TO DISMISS**

COME NOW the defendants and provide the following brief in support of their Motion to Dismiss:

**I.      THE PLAINTIFFS HAVE FAILED TO EXHAUST ADMINISTRATIVE REMEDIES REQUIRED UNDER THE INDIVIDUALS WITH DISABILITIES EDUCATION ACT ("IDEA").**

The Individuals with Disabilities Education Act ("IDEA") is a comprehensive federal education statute which grants disabled students the right to a public education and conditions a state's federal funding on its having in place a policy that ensures that a "free appropriate public education" is available to all children with disabilities. 20 U.S.C. § 1412(a)(1). The plaintiffs claim in their Complaint that the minor plaintiff was denied access to a free, appropriate public education or to specific programs or services. (Complaint, Count 1). The plaintiffs, however, have failed to exhaust the administrative remedies required under IDEA.

The IDEA provides a scheme of procedural protections under which parents are entitled to:

(1)      Examination of all relevant records pertaining to evaluation and educational placement of their child,

(2)     Prior written notice whenever the responsible educational agency proposes, or refuses, to change the child's placement,

**(3)     An opportunity to present complaints concerning any aspect of the local agency's provision of a free, appropriate public education, and**

**(4)     An opportunity for an "impartial due process hearing" with respect to any such complaint.**

*N.B. v. Alachua County School Bd.*, 84 F.3d 1376, 1378 (11th Cir. 1996) (quoting *Honig v. Doe*, 484 U.S. 305, 312 (1988) (Emphasis added)).

If the plaintiffs have any complaint about the alleged actions or inactions of the Board or its employees or members, they are required to invoke the procedural protections of the IDEA before proceeding further under any statute.  The plaintiffs first are required to present a complaint to the Chilton County Board of Education.  There is no allegation, however, that such a complaint was ever made.  Nevertheless, even if there were such an allegation in the Complaint, the plaintiffs are required thereafter to request a due process hearing.  The plaintiffs never requested such a hearing, and have not even alleged that they did so.

The IDEA imposes the additional procedural step of further review by the state educational agency which the plaintiffs likewise failed to exhaust.  20 U.S.C. § 1415(c).  Only after all those procedural steps had been exhausted would the plaintiffs have been entitled to seek judicial review.  *Id.* § 1415(e)(2).  The Eleventh Circuit has held:

The philosophy of the [IDEA] is that plaintiffs are required to utilize the elaborate administrative scheme established by the [IDEA] before resorting to the courts to challenge the actions of the local school authorities.  Key reasons for requiring the exhaustion of administrative remedies are as follows:  1) to permit the exercise of agency discretion and expertise on issues requiring these characteristics; 2) to allow the full development of technical issues and a factual record prior to court review; 3) to prevent deliberate disregard and circumvention of agency procedures established by Congress; and 4) to avoid unnecessary judicial decisions by giving the agency the

first opportunity to correct any error.

*N.B. v. Alachua*, 84 F.3d at 1378 (brackets in original) (internal citations omitted).

The plaintiffs' claim that the plaintiff student has been denied access to educational opportunities requires them to exhaust the administrative remedies of the IDEA before filing this lawsuit.  The Eleventh Circuit has determined that "the exhaustion requirement may not be circumvented by casting an IDEA claim as a Section 1983 action predicated on IDEA."  *Doe v. Walker Co. Bd. of Educ.*, 1997 U.S. Dist. LEXIS 22205, *17 (N.D. Ga. 1997) (citing *Alford v. School Bd. of Collier Co.*, 1996 U.S. Dist. LEXIS 7370 (M.D. Fla. 1996)).  Accordingly, the plaintiffs failed to follow the mandated procedure of the IDEA.  The plaintiffs' claims in this Court are therefore barred for lack of jurisdiction, and the claims in Counts 1 and 2 of the Complaint are due to be dismissed against the defendant board and individual educators and board members.

II.     **NO CLAIM UNDER THE IDEA CAN BE BROUGHT AGAINST AN INDIVIDUAL, AND THUS, THE CLAIMS IN PLAINTIFFS' COMPLAINT ALLEGING VIOLATIONS OF THE IDEA BY THE INDIVIDUAL DEFENDANTS ARE DUE TO BE DISMISSED.**

In their Complaint, the plaintiffs claim that the defendants have discriminated against the minor plaintiff in violation of IDEA.  (Complaint, ¶ 30).  The individual defendants show that this claim in the Complaint fails to state a claim against them upon which relief may be granted.

The plaintiffs allege that the minor plaintiff is a handicapped individual who is eligible for special education and related services.  (Complaint, ¶ 21).  Further, the plaintiffs admit that the Chilton County Board of Education is the recipient of federal funds.  (Complaint, ¶ 22).  The plaintiffs go on to state in their Complaint that the individual defendants are employees and board members of the Chilton County Board of Education.  (Complaint, ¶¶ 8-17).  However, despite these

facts, they still allege that the individual defendants violated the plaintiffs' rights under the IDEA.

Clearly, Defendants Mildred Ellison, Ann Glasscock, Alan Childress, Ann Thomas, Joe Mims,

Peggy Harris, Curtis Smith, Michael Gothard, Daryl Baker, and Donnie Finlayson, in their individual

capacities, are not recipients of federal financial assistance. Accordingly, they cannot be held liable

under the IDEA.

In *United States Dept. of Transportation v. Paralyzed Veterans of America*, 477 U.S. 597,

the U.S. Supreme Court, in discussing claims brought pursuant to Section 504 of the Rehabilitation

Act of 1973, a statute similar to the IDEA, observed that:

> Congress limited the scope of § 504 to those who actually "receive"
> federal financial assistance because it sought to impose § 504
> coverage as a form of contractual cost of the recipient's agreement to
> accept the federal funds.
>
>                                              . . .
>
> By limiting coverage to recipients, Congress imposes the obligation
> of § 504 upon those who are in a position to accept or reject those
> obligations as part of the decision whether or not to "receive" federal
> funds.

477 U.S. at 605, 606. It has also been stated that:

> [T]he coverage of the Rehabilitation Act does not follow federal aid
> "past the intended recipient to those who merely derive a benefit from
> the aid or receive compensation for services rendered pursuant to a
> contractual arrangement."

*Gallagher v. Croghan Colonial Bank*, 89 F.3d 275, 278 (6th Cir. 1996) (citing *Hamilton v. Illinois*

*Cent. R.R. Co.*, 894 F. Supp. 1014, 1022 (S.D. Miss. 1995)). Referring to the same language quoted

above from the Sixth Circuit in *Gallagher v. Croghan*, the Court of Appeals for the Seventh Circuit

observed explicitly that: "Employees of the recipients of federal financial assistance are not in

themselves the recipients of such assistance." *Grzan v. Charter Hospital of Northwest Indiana*, 104

F.3d 116, 120 (7th Cir. 1997). The Seventh Circuit concluded, as had the Sixth Circuit, that employees of federal financial aid recipients <u>cannot</u> be held individually liable.

As employees of the Chilton County Board of Education, the individual defendants were not the intended recipients of federal funds, but merely received compensation for their services rendered pursuant to their employment contracts with the board of education. Furthermore, none of the individual defendants was "in a position to accept or reject" the obligations under the IDEA or the receipt of federal funds. They, therefore, are not within the coverage of the IDEA and cannot be held liable individually for the plaintiffs' claimed violations. Accordingly, the plaintiffs' claims under the IDEA and 42 U.S.C. § 1983, based on alleged violations of the IDEA, against the individual defendants are due to be dismissed.

## III.   PLAINTIFFS' CLAIMS UNDER SECTION 1983 ARE ATTEMPTS TO CIRCUMVENT THE ADMINISTRATIVE PROCEDURES PROVIDED FOR IN THE IDEA, AND AS SUCH, ARE DUE TO BE DISMISSED.

The plaintiffs' claims in Count 2 of failure to comply with IDEA in violation of the plaintiff student's constitutional rights under 42 U.S.C. § 1983 are merely attempts to circumvent the administrative procedures provided for in the IDEA. Thus, these claims against all of the defendants are due to be dismissed as well.

Section 1983 is unavailable for the plaintiffs' claims under the IDEA. In *Sellers by Sellers v. School Board of City of Mannassas, VA*, 141 F.3d 524 (4th Cir. 1998), the Fourth Circuit Court held the following:

> Section 1415(f) . . . fails to state, or even imply, that section 1983 suits may be brought for IDEA violations. Instead, it pointedly omits 42 U.S.C. § 1983 from its list of statutes. This omission is significant. Permitting the recovery of general damages through section 1983 for IDEA violations would subject school boards to damages exponentially greater than the tuition reimbursement they currently face

under IDEA itself. Section 1415(f)'s vague language surely did not place States on notice of such sweeping and open-ended liability. If we were to permit section 1983 claims like the Sellers' to proceed, we would effectively blind-side States with large and unanticipated penalties. Accordingly, we hold that section 1415(f) fails to express unambiguously a congressional intent that IDEA violations also be remedied by section 1983. . . . [W]e hold that the Sellers cannot sue under section 1983 for alleged IDEA violations. As a result, we reject their attempt to recover compensatory and punitive damages unavailable in an action directly under IDEA. We note that our conclusion is consistent with at least two other circuits that have held compensatory and punitive damages are not available through the alternate route of a section 1983 claim for violations of IDEA. *See Heidemann*, 84 F.3d at 1033 [8th Cir. 1996] (general damages unavailable in section 1983 claim for alleged IDEA violations); *Crocker*, 980 F.2d at 386-87 (same). [6th Cir. 1992].

*Id.* at 532 (bracketed material added). Accordingly, the plaintiffs' claims of constitutional violations

under 42 U.S.C. § 1983 based on alleged violations of the IDEA are due to be dismissed. The

plaintiffs should not be allowed the opportunity to circumvent the remedies available through the

IDEA by bringing an action under § 1983. Therefore, the defendant school system and the individual

defendants request that Count 2 of plaintiffs' Complaint alleging constitutional violations be

dismissed.

IV.     **PLAINTIFFS' CLAIMS AGAINST THE INDIVIDUAL EDUCATOR DEFENDANTS IN THEIR OFFICIAL CAPACITIES ARE REDUNDANT OF THEIR CLAIMS AGAINST THE CHILTON COUNTY BOARD OF EDUCATION.**

When individual school administrators and board members, such as these individual

defendants, are sued in their official capacities, they are considered officers of the board of

education. *See Godby v. Montgomery County Board of Education,* 996 F.Supp. 1390, 1403 (M.D.

Ala. 1998). The plaintiffs' claims against the individual educator defendants in their official

capacities are due to be dismissed. "Claims against officers in their official capacity are 'functionally

equivalent' to claims against the entity that they represent." *Busby v. City of Orlando*, 931 F.2d 764,

776 (11th Cir. 1991). Further, the *Busby* Court held that such claims would be "redundant and

possibly confusing to the jury." *Id.* Consequently, Defendants Mildred Ellison, Ann Glasscock,

Alan Childress, Ann Thomas, Joe Mims, Peggy Harris, Curtis Smith, Michael Gothard, Daryl Baker,

and Donnie Finlayson are entitled to a dismissal of all claims against them in their official capacities.

## V.    THE ALLEGED ACTS OF THE DEFENDANTS DO NOT SATISFY THE REQUIRED ELEMENTS OF THE TORT OF OUTRAGE.

The plaintiffs' Complaint alleges the tort of outrage against the Board and the individual

educators. (Complaint, Count 3). The Alabama Supreme Court has consistently held that "the tort

of outrage is a very limited cause of action that is available in only the most egregious

circumstances." *Deleon v. Kmart Corp*, 735 So. 2d 1214, 1217 (Ala. Civ. App. 1998) (citing

*Thomas v. BSE Indus. Contractors, Inc.*, 624 So. 2d 1041, 1044 (Ala. 1993)). The cases in which

the Alabama Supreme Court has found a jury question on an outrage claim are limited to three

categories of cases: 1) wrongful conduct in the context of family burials; 2) bad faith in settling

insurance claims; and 3) egregious sexual harassment. *Id.* The facts in the present case clearly do

not demonstrate any of these "most egregious circumstances." Thus, the tort of outrage is not a

cognizable claim for the present situation.

Furthermore, even if this case presented "most egregious circumstances," the elements of the

tort of outrage are not satisfied by the allegations of the Complaint. The elements of the tort of

outrage in the state of Alabama are:

> 1) The defendant either intended to inflict emotional distress or knew or should have known that emotional distress was likely to result from his conduct;
>
> 2) the defendant's conduct was extreme and outrageous; and,
>
> 3) the defendant's conduct caused emotional distress so severe that no reasonable person could be expected to endure it.

*Jackson v. Alabama Power Co.*, 630 So. 2d 439, 440 (Ala. 1993).

The plaintiffs allege that the defendants intended to cause emotional distress or should have known that emotional distress was likely to result from their alleged actions.  The plaintiffs allege that the defendant educators and Board members and the Board acted in an extreme or outrageous manner.  However, the plaintiffs do not substantiate their claims with alleged facts which would allow such allegation to stand.

The tort of outrage is not cognizable under the circumstances of this case, and the plaintiffs have failed to make allegations sufficient to support the legal elements of outrage.  Therefore, the plaintiffs' claims of outrage against the defendants are due to be dismissed.

## VI.    THE PLAINTIFFS' CLAIMS IN COUNTS 3, 4, 5 AND 6 AGAINST THE DEFENDANTS ARE BETTER SUITED FOR STATE COURT IN THAT THEY ARE CLAIMS SOUNDING IN TORT.

The plaintiffs brought all of their claims against both the Chilton County Board of Education and the individual defendants in one suit in federal court.  However, pendant jurisdiction does not allow such an action when claims against one party are completely distinct from separate claims against another party.  As stated above, if the federal claims by the plaintiffs are allowed to move forward, they should only be allowed against the Board. The plaintiffs' only claims against the individual defendant are state law tort claims.  Thus, these claims are distinct, and the plaintiffs should not be allowed to bring both in the same suit.  Therefore, the plaintiffs' tort claims against the individual defendants are due to be dismissed, without prejudice, to allow refiling in state court.

## VII.    THE STATE LAW CLAIMS AGAINST THE CHILTON COUNTY BOARD OF EDUCATION ARE DUE TO BE DISMISSED PURSUANT TO SOVEREIGN IMMUNITY.

State law claims against a board of education are protected by absolute immunity pursuant

8

to the doctrine of sovereign immunity as enumerated in Article I, § 14 of the Constitution of Alabama (1901). This section provides that "the State of Alabama shall never be made a defendant in any court of law or equity." The School Board is an agency of the State of Alabama and enjoys sovereign immunity. See *Louviere v. Mobile Co. Bd. of Educ.*, 670 So. 2d 873, 877 (Ala. 1995). It is well established in Alabama jurisprudence that local school boards of education, both county and city, are responsible for the dispensation of a state function, namely educating the citizens of the state, and as such, are agencies of the state of Alabama. E.g., *Hickman v. Dothan City Bd. of Educ.*, 421 So. 2d 1257, 1259 (Ala. 1982), *Hutt v. Etowah Co. Bd. of Educ.,* 454 So. 2d 973 (Ala. 1984); *Sims v. Etowah Co. Bd. of Educ.*, 337 So. 2d 1310 (Ala. 1976) ("County boards of education are not agencies of the counties, but are local agencies of the state, charged by the legislature with supervising public education within counties. As such, they execute a state function, not a county or city function, and therefore, they partake of the state's immunity."). Clearly, the Chilton County Board of Education is absolutely immune from all of the plaintiffs' state law claims against it. Consequently, the individual educators are also entitled to absolute immunity from the state law claims made against them in their official capacities.

**VIII.    THE INDIVIDUAL EDUCATORS AND BOARD MEMBERS ARE ENTITLED TO THE PROTECTION OF STATE-AGENT IMMUNITY AS TO PLAINTIFFS' CLAIMS OF NEGLIGENT AND WANTON SUPERVISION.**

Each of the plaintiffs' claims in Counts 4 and 5, negligent and wanton supervision, arises from the performance of the individual defendants' duties as Board members and employees of the Chilton County school system, and as such are barred by State-agent immunity. The Alabama Supreme Court, in *Ex Parte Cranman*, 792 So. 2d 392 (Ala. 2000), restated the rules governing immunity of state agents for tort liability:

A State agent *shall* be immune from civil liability in his or her personal capacity when the conduct made the basis of the claim against the agent is based upon the agent's

(1) formulating plans, policies, or designs; or

(2) **exercising his or her judgment in the administration of a department or agency of government, including, but not limited to, examples such as:**

>  (a) making administrative adjudications;
>  (b) allocating resources;
>  (c) negotiating contracts;
>  (d) hiring, firing, transferring, assigning, or **supervising personnel**; or

(3) discharging duties imposed on a department or agency by statute, rule, or regulation, insofar as the statute, rule, or regulation prescribes the manner for performing the duties and the State-agent performs the duties in that manner; or

(4) exercising judgment in the enforcement of the criminal laws of the State, including, but not limited to, law-enforcement officers' arresting or attempting to arrest persons; or

(5) **exercising judgment in the discharge of duties imposed by statute, rule, or regulation in** releasing prisoners, counseling or releasing persons of unsound mind, or **educating students**.

792 So. 2d at 405 (emphasis added).  At all times relevant to this case, the defendant administrators and Board members were employees or members of the Chilton County Board of Education.  As such, they are entitled to the immunity which protects agents of the state.

Further, it is well established that the administration of school systems is the responsibility of the county boards of education.  "Accordingly, the Courts will not seek to control the exercise of the broad discretion given by the legislature to county boards of education." *Hargett v. Franklin County Board of Education*, 375 So. 2d 1352, 54 (Ala. 1979).  The Alabama Supreme Court has also held that a court cannot substitute its judgment for that of the protected state actor, absent proof of fraud or bad faith. *Ex parte City of Birmingham*, 624 So. 2d 1018, 1021 (Ala. 1993) (citing *City of*

*Birmingham v. Wilkinson*, 516 So. 2d 585 (Ala. 1987); *Bentley v. County Comm'n for Russell County*, 264 Ala. Ala. 106, 84 So. 2d 490, 493 (1955); *Van Antwerp v. Board of Comm'rs of City of Mobile*, 217 Ala. 201, 115 So. 239, 243 (1928); *Taxpayers & Citizens of the City of City v. City of Foley*, 527 So. 2d 1261, 1264-65 (Ala. 1988)).  Clearly, in this case there is no evidence, or even allegation, of fraud or bad faith on the part of the School Board or any of the individual defendant educators and board members.  Accordingly, Mildred Ellison, Ann Glasscock, Alan Childress, Ann Thomas, Joe Mims, Peggy Harris, Curtis Smith, Michael Gothard, Daryl Baker, and Donnie Finlayson are entitled to the protection of State-agent immunity from plaintiffs' claims in Counts 4 and 5.

## IX.     THE PLAINTIFF PARENTS' CLAIMS FOR LOSS OF SERVICES IS DUE TO BE DISMISSED AS IT IS DERIVATIVE OF THE PLAINTIFF STUDENT'S CLAIMS.

First, the plaintiff parents' claim for loss of services of their child, the plaintiff student, is not properly before this Court, as there is no indication on the Complaint that they bring this Complaint individually.  Further, even if they were allowed to bring such a claim, a loss of services claim is due to be dismissed. A loss of the plaintiff student's services claim is entirely derivative of the claims of the allegedly injured student.  *Ex parte N.P.*, 676 So. 2d 928 (Ala. 1996).  A parent's right of recovery for a loss of services claim depends upon a showing of liability on the part of the defendant. To recover, the parent must prove that her child's injury was caused by the defendant's wrongful acts and that, as a result, he or she lost her child's services from the time of the injury until some point thereafter, and there exists some pecuniary value for these loss of services.  *Long v. Booe*, 106 Ala. 570, 17 So. 716.

In *Swartz v. United States Steel Corp.*, 293 Ala. 439, 304 So. 2d 881 (1974), the Alabama

Supreme Court explained:

> [W]here the husband's case has been terminated on the merits adversely to him, the wife's right to recover for loss of consortium is barred. This is necessarily true because her action is derivative merely and the spouses being in privity, the judgment in the husband's case is *res judicata* as to her.

293 Ala. at 448, 304 So. 2d at 889. (Justice Faulkner concurring specially). Clearly, the same would hold true in the case of a loss of services claim by a parent. The Board and individual educators and Board members have shown in the preceding sections their entitlement to a dismissal of the claims of the plaintiff student. The judgment in the defendant Board and educators' favor as to those claims necessarily disposes of the derivative claim of the plaintiff parents, and thus, it is due to be dismissed.

## CONCLUSION

Plaintiffs have failed to exhaust their administrative remedies required under the Individuals with Disabilities Education Act. Therefore, their claims under Counts 1 and 2 are due to be dismissed. Plaintiffs' claims of violations of the IDEA against the individual defendants Mildred Ellison, Ann Glasscock, Alan Childress, Ann Thomas, Joe Mims, Peggy Harris, Curtis Smith, Michael Gothard, Daryl Baker, and Donnie Finlayson are due to be dismissed since only the recipient of federal funds can be held liable under the IDEA, and none of the individual defendants is a recipient of federal funds. Plaintiffs' claims against the individual educator defendants in their official capacities are redundant of their claims against the Chilton County Board of Education. Therefore, all official capacity claims against Mildred Ellison, Ann Glasscock, Alan Childress, Ann Thomas, Joe Mims, Peggy Harris, Curtis Smith, Michael Gothard, Daryl Baker, and Donnie Finlayson are due to be dismissed. Further, the plaintiffs' claims of constitutional violations are due

to be dismissed against all the individual defendants, as well as the Chilton County Board of Education.  Count 2 is an attempt by the plaintiffs to circumvent the remedies provided in the IDEA.  The Eleventh Circuit has prohibited such conduct.

The plaintiffs' state law tort claims of negligence and wantonness are also due to be dismissed.  The Defendant Chilton County Board of Education is entitled to absolute immunity, and the defendant educators and Board members are entitled to State-agent immunity.  The plaintiffs have failed to make allegations which rise to the level necessary to state a claim for the tort of outrage.  The plaintiff parents' claim of loss of services is derivative of the plaintiff student's claims, and is thus, due to be dismissed.

Respectfully submitted,

/s/ Mark S. Boardman (ASB-8572-B65M)
msboardman@bcwhlaw.com

/s/ Katherine C. Hortberg (ASB-5374-B34K)
kchortberg@bcwhlaw.com

BOARDMAN, CARR, WEED & HUTCHESON, P.C.
400 Boardman Drive
Chelsea, Alabama 35043-8211

## CERTIFICATE OF SERVICE

I hereby certify that I have on this **30th** day of **August, 2005**, submitted the foregoing via the CM/ECF system, and that counsel for the plaintiffs are registered to receive a **Notice of Electronic Filing**, to wit:

George E. Jones, III
Post Office Box 9
Selma, AL 36702-0009

/s/ Mark S. Boardman (ASB-8572-B65M)