IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DISTRICT

| | |
|---|---|
| BENNY L. WRIGHT and KATHERINE E. WRIGHT, as parents and next friends of JESSICA W., a minor<br><br>Plaintiffs,<br><br>v.<br><br>THE CHILTON COUNTY BOARD OF EDUCATION, et al. | )<br>)<br>)<br>)<br>)  Case No. 2:05-CV-0699-C<br>)<br>)<br>)<br>)<br>)<br>)  |

**DEFENDANTS' MOTION TO STRIKE PLAINTIFFS' OPPOSITION TO THEIR MOTION TO DISMISS**

COME NOW defendants Chilton County Board of Education, Mildred Ellison, Ann Glasscock, Alan Childress, Ann Thomas, Joe Mims, Peggy Harris, Curtis Smith, Michael Gothard, Daryl Baker, and Donnie Finlayson, and move to strike portions of plaintiffs' Memorandum of Authorities in Opposition to Defendants' Motion to Dismiss. In further support of this motion, defendants state as follows:

1. The majority of the "Factual History and Procedural Posture" section of plaintiffs' brief cites to "facts" which have no basis in the Complaint. Specifically, the only information which was provided in plaintiffs' Complaint from the first paragraph is the plaintiff student's age, grade last year, diagnosis and prognosis. The remainder of this paragraph is completely without foundation in the Complaint.

2. In their first subheading under Argument, plaintiffs assert that they can bring their IDEA claims because exhaustion of the administrative remedies would be futile. However, there is no allegation of futility anywhere in the complaint, and thus, this section is due to be stricken.

3. In the third subheading, plaintiffs argue that the defendants are depriving the plaintiff

student of her equal protection rights because there are handicapped students within the school system who receive benefits and services under the IDEA. (Plaintiffs' Memorandum, p. 14). There is no such allegation anywhere in plaintiff's Complaint, and thus, this portion of the brief is due to be stricken.

4. Plaintiffs' assertions in their "Conclusion" that the defendants have failed to deny that the plaintiff student is disabled and they failed to provide an IEP for her are also due to be stricken. Such statements are completely without merit and irrelevant since a motion to dismiss is based solely on the allegations in the Complaint. Defendants are not required to file an Answer to the Complaint until there is a ruling on their Motion to Dismiss. At that time, Defendants will deny the allegations of facts and wrongdoing in plaintiffs' Complaint.

WHEREFORE, PREMISES CONSIDERED, Defendants respectfully move to strike certain portions of Plaintiffs' Memorandum of Authorities in Opposition to Defendants' Motion to Dismiss.

Respectfully submitted,

*s/Katherine C. Hortberg*
Mark S. Boardman (ASB-8572-B65M)
*E-mail:* *msboardman@bcwhlaw.com*
Katherine C. Hortberg (ASB-5374-B34K)
*E-mail:* *kchortberg@bcwhlaw.com*
Counsel for Defendants
BOARDMAN, CARR & HUTCHESON, P.C.
400 Boardman Drive
Chelsea, Alabama 35043-8211
Telephone: (205) 678-8000

**CERTIFICATE OF SERVICE**

      I hereby certify that on **September 29, 2005**, I sent via facsimile and electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

*VIA U.S. MAIL*
George E. Jones, III
Post Office Box 9
Selma, AL 36702-0009

                                               *s/Katherine C. Hortberg*
                                               Of Counsel