IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DISTRICT

BENNY L. WRIGHT and KATHERINE )
E. WRIGHT, as parents and next )
friends of JESSICA W., a minor )
)
    Plaintiffs, ) Case No. 2:05-CV-0699-C
)
v. )
)
THE CHILTON COUNTY BOARD OF )
EDUCATION, et al. )
)

## NARRATIVE STATEMENT OF UNDISPUTED FACTS

COME NOW Defendants identified as Chilton County Board of Education, Mildred Ellison, Ann Glasscock, Alan Childress, Ann Thomas, Joe Mims, Peggy Harris, Curtis Smith, Michael Gothard, Daryl Baker, and Donnie Finlayson and provide the following narrative statement of undisputed facts in support of their Motion for Summary Judgment:

1.    Plaintiff student Jessica Wright is an eighth grade student at Clanton Middle School in Chilton County, Alabama. (Depo. of J. Wright, p. 17, l. 21-p.18, l.1.)

2.    The plaintiff student has made As, Bs and Cs in her 8th grade classes so far this school year. (Depo. of J. Wright, p. 27, l. 7-p. 28, l. 23). In the 7th grade, the plaintiff student was on the A-B Honor Roll. (Id. at p. 42, l. 4-13.)

3.    The plaintiff student has been in the Beta Club (an academic honor club for students with good grades) in the 7th and 8th grades. (Depo. of J. Wright, p. 43, l. 4-19.)

4.    The plaintiff student has never failed any class. (Depo. of J. Wright, p. 178,

l. 6-8.)

5. To look at the plaintiff student, one would not know that she has a medical condition. The plaintiff student is discreet about her medical condition, and all of the school staff and educators are discreet about it as well. (Affidavit of Finlayson.)

6. The plaintiff student, although a full time student, suffers from cystic fibrosis and diabetes and cirrhosis, both caused by the cystic fibrosis. (Depo of J. Wright, p. 109, l. 12-23; p. 111, l. 17-25; Depo. of K. Wright, p. 45, l. 10-p. 46, l. 15.)

7. The plaintiff student requires no medical treatment during the school day. She is able to self administer any medications during the day. (Affidavit of Finlayson.)

8. The plaintiff student's medical condition has not affected her academic education at Clanton Middle School. (Affidavits of Finlayson and Baker.)

9. Mildred Ellison was at all times relevant to the incidents made the basis of the complaint the superintendent of the Chilton County Board of Education. (Affidavit of Ellison.)

10. Ann Glasscock, Alan Childress, Ann Thomas, Joe Mims, Peggy Harris, Curtis Smith and Michael Gothard were all members of the Chilton County Board of Education at times relevant to this suit. (Affidavit of Glasscock.)

11. Donnie Finlayson was the principal of Clanton Middle School at all times relevant to the incidents made the basis of the complaint. (Affidavit of Finlayson.)

12. Daryl Baker was a seventh grade history and literature teacher at Clanton

Middle School at all times relevant to the claims in the complaint. (Affidavit of Baker.)

13. The plaintiff student made the seventh grade cheerleading squad, but not the eighth grade squad. (Depo. of J. Wright, p. 37, l. 17-20; p. 93, l. 23-p. 94, l. 2.) The student plaintiff's medical condition played no part in either selection. (Affidavit of Finlayson.) She then made the eighth grade dance team. (Depo. of J. Wright, p. 30, l. 8-15.) Again, her medical condition played no part. (Affidavit of Finlayson.)

14. Another student, who was on the cheerleading squad in the seventh grade with the plaintiff student, also did not make the eighth grade cheerleading squad. (Depo. of J. Wright, p. 93, l. 2-p. 94, l. 2; Affidavit of Glasscock.) This is not an unusual occurrence; selection for cheerleader one year is not an indication that a student will or will not make cheerleader the next year. Others have failed to make cheerleader one year, yet get selected for cheerleader the next year. (Affidavit of Finlayon.)

15. No written or verbal request for an IEP for the plaintiff student was ever made on her behalf. (Depo. of K. Wright, p. 103, l. 12-p. 105, l. 13; Depo. of B. Wright, p. 61, l. 17-p. 62, l. 20; Affidavit of Ellison.)

16. No written or verbal complaint was ever made to the Superintendent, the Special Education coordinator or any administrator or teacher about a denial of services under the IDEA for the plaintiff student. (Depo. of B. Wright, p. 62, l. 21-p. 63, l. 1.)

17. No written or verbal request for a due process hearing was made by the plaintiff parents or on their behalf. (Depo. of K. Wright, p. 111, l. 22-p. 112, l. 9; Depo. of

B. Wright, p. 63, l. 2-20.)

18.   The plaintiff student is allowed to carry snacks with her or leave them in the teachers' classrooms at the middle school. (Depo. of J. Wright, p. 59, l. 5-p. 60, l. 14; p. 62, l. 17-21; p. 63, l. 9-18; p. 64, l. 5-9.)

19.   All teachers have the right to control their classroom, including using their judgment in determining whether students should miss instructional time. (Affidavit of Finlayson.)

20.   Except for one occasion during PE class, the plaintiff student was always allowed to use the restroom whenever she needed to in the sixth grade. (Depo. of J. Wright, p. 123, l. 19-p. 124, l. 23.)

21.   On only one occasion in the seventh grade was the plaintiff student told she could not leave class to go to the restroom. This was in Defendant Baker's classroom. On this single occasion of being told she could not leave class to go to the restroom, the plaintiff student, at the end of class, left at the end of school, walking by a restroom without using it. Defendant Baker used his discretion in determining that the plaintiff student should not leave class during instructional time to use the restroom. Since it is not obvious by looking at her, Mr. Baker was not aware of the plaintiff student's medical condition at that time. When he became aware of her condition and her parents' subsequent request that she be provided immediate access to the restroom, the plaintiff student was always allowed access to the school bathrooms by Mr. Baker and all other teachers that school year. (Depo. of J. Wright,

4

p. 119, l. 15-p. 120, l. 22; p. 123, l. 4-18; p. 168, l. 3-7; Affidavit of Baker.)

22. The plaintiff student has always been allowed to use the restroom whenever she has needed to during the eighth grade. (Depo. of J. Wright, p. 125, l. 9-12.)

23. Principal Finlayson called the plaintiff student to his office one day during the 2004-05 school year to counsel her about missing instructional time to visit her mother's classroom when she was substitute teaching. (Depo. of J. Wright, p. 168, l. 11-23; p. 57, l. 9-13; Affidavit of Finlayson.)

24. The above occasion is the only time the plaintiff student has been called to Mr. Finlayson's office. (Depo. of J. Wright, p. 127, l. 23-p. 128, l. 5.)

25. The plaintiff student has never been disciplined by Mr. Finlayson, the assistant principal or any other school staff. (Depo. of J. Wright, p. 126, l. 17-p. 128, l. 16.)

26. When the plaintiff student is absent because of her medical condition, she is allowed to make up her classwork and tests. (Depo. of J. Wright, p. 82, l. 19-p. 83, l. 5; p. 104, l. 18-p. 105, l. 1; p. 116, l. 13-22.)

    Respectfully submitted,

    /s/ _Mark S. Boardman_ (ASB-8572-B65M)

    /s/ _Katherine C. Hortberg_ (ASB-5374-B34K)
    BOARDMAN, CARR & HUTCHESON, P.C.
    400 Boardman Drive
    Chelsea, Alabama 35043-8211
    (205) 678-8000
    (205) 678-0000 FACSIMILE

## CERTIFICATE OF SERVICE

      I hereby certify that on **February 14, 2006**, I electronically filed and sent via U.S. mail the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following :

**_VIA U.S. MAIL_**
George E. Jones, III
Post Office Box 9
Selma, AL 36702-0009

                                                _s/Katherine C. Hortberg_
                                                Of Counsel