ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

RECEIVED
2006 MAR 14  P 4: 35

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

|  |  |
|---|---|
| BENNY L. WRIGHT and KATHERINE E. WRIGHT, as parents and next friends of JESSICA W., a minor child,  )<br>)<br>)<br>)<br>Plaintiffs,  )<br>)<br>vs.  )<br>)<br>THE CHILTON COUNTY BOARD OF EDUCATION, et al.,  )<br>)<br>Defendants.  )<br>) | CIVIL ACTION NO.<br>2:05cv699-T |

**PLAINTIFFS' (i) FIRST AMENDED AND VERIFIED MOTION
FOR ENLARGEMENT OF TIME TO FILE RESPONSE
TO MOTION FOR SUMMARY JUDGMENT
AND (ii) REQUEST THAT RESPONSE BE ACCEPTED AS TIMELY FILED**

COME NOW THE PLAINTIFFS, by and through their undersigned counsel of record, and respectfully move this Honorable Court to enlarge the period of time in which PLAINTIFFS have to respond to DEFENDANTS' pending motion for summary judgment, to and including Tuesday, March 14, 2006. PLAINTIFFS further pray that based thereupon this Court shall accept PLAINTIFFS' CONSOLIDATED RESPONSE TO SUMMARY JUDGMENT as timely field. As grounds therefor it is shown unto the Court as follows:

1.

On or about February 14, 2006, and pursuant to the provisions of the Court's Rule 16 Uniform Scheduling Order, the DEFENDANTS filed their consolidated Motion for Summary Judgment with supporting evidentiary materials and brief. This Court

*subsequently issued a written Order directing that the PLAINTIFFS submit their response and evidentiary materials in opposition to the Motion for Summary Judgment on or before March 6, 2006.*

2.

*On or about March 3, 2006, approximately three (3) days prior to the said deadline, PLAINTIFFS' counsel filed with Court a "VERIFIED MOTION FOR EXTENSION OF TIME TO FILE RESPONSE TO MOTION FOR SUMMARY JUDGMENT." The principal grounds assert in said verified motion was that PLAINTIFFS had been without sufficient funds to purchase transcripts of the depositions in this matter and that the court-reporting firm would not extend them credit. The said motion went on to explain that PLAINTIFFS had obtained the necessary funds to purchase the transcripts and that the transcripts would be shipped overnight to their attorney so as to arrive on Friday, March 3, 2006. The transcripts were indeed received on March 3, 2006, which left PLAINTIFFS' counsel approximately three (3) days to read over four hundred-fifty (450) pages of deposition testimony and to prepare a response which includes detailed references to the page number and line number of each witness' testimony. Counsel for PLAINTIFFS felt that he could not read all of the transcripts and prepare an adequate response in the short time that remained between Friday, March 3, 2006, and Monday, March 6, 2006.*

3.

*PLAINTIFFS' attorney-client contract provides in pertinent part that, "[a]lthough the attorney may advance monies for the payment of costs and expenses it is acknowledged and understood by the clients that the attorney is under no obligation to do so and that the*

*clients may be required to pay such costs and expenses in advance." At the conclusion of the depositions, all of which were taken on Friday, February 2, 2006, the undersigned counsel tendered a $300.00 cash deposit to the court reporter as an advance in behalf of his clients. PLAINTIFFS' counsel the received an invoice, a true and correct copy of which is attached hereto, stating that PLAINTIFFS would have to tender the sum of $713.83, for a grand total of $1,013.83, before PLAINTIFFS' counsel would be provided with the transcripts. At this point the PLAINTIFFS were financially unable to tender the balance of $713.83 to the court reporting service and their counsel was not in a financial position to advance this amount to his clients. Between February 8, 2006 (the date of the invoice) and March 1, 2006, a period of some twenty-one (21) days, the PLAINTIFF parents made efforts to borrow the money which was necessary to pay the balance to the court reporting service. PLAINTIFF parents ultimately obtained a loan and the balance of $713.83 was tendered to the court reporting service on March 2, 2006. The transcripts were then shipped by overnight express to PLAINTIFFS' counsel who received them on Friday, March 3, 2006, approximately three (3) days before PLAINTIFFS' response was due. Hence, the necessity of filing of the original Motion for Extension.*

4.

On or about March 6, 2006, in response to the said motion for extension, this Court entered an Order denying PLAINTIFFS' request for as extension. The said Order provided that the basis of the denial of PLAINTIFFS' Motion for Extension was that (i) PLAINTIFFS' counsel had failed to contact counsel for the DEFENDANTS, as required by the Scheduling Order, to determine whether or not DEFENDANTS opposed such an extension, and (ii)

*that the Motion for Extension constituted an "eleventh hour" extension request which was unsupported by an adequate explanation of the circumstances.*

*5.*

*The undersigned counsel now prays that this verified document shall be accepted as an adequate explanation of the circumstances, and that this Honorable Court shall reconsider it's denial of the motion for extension of time and accept the PLAINTIFFS' CONSOLIDATED RESPONSE, filed with the Clerk of the Court on this date, as timely filed. Counsel respectfully submits that the inability of both the PLAINTIFF PARENTS and counsel to pay the court-reporter constitutes "unforseen and unavoidable circumstances beyond their control" so as to merit an extraordinary extension of time. During the twenty-one (21) day period following receipt by PLAINTIFFS' counsel of the court-reporter's invoice, the undersigned counsel anticipated the receipt of revenues, in the form of attorney's fees that were due to be paid by other clients, which would be sufficient to tender the outstanding balance to the court-reporting service. The payment of attorneys fees by the other clients did not materialize during that time period. In addition thereto, the undersigned counsel anticipated that the PLAINTIFF PARENTS would be able to obtain a loan to pay the outstanding transcript balance well in advance of the submission deadline of March 6, 2006. As previously indicated the PLAINTIFF PARENTS did not obtain the said funds until March 1, 2006.*

*6.*

*On this date, March 14, 2006, the undersigned spoke by telephone with counsel for the DEFENDANTS, The Honorable Katherine Hortberg and The Honorable Mark S.*

*Boardman, to determine whether or not they opposed this amended Motion for Enlargement of Time. Counselor Hortberg stated that she was not in a position to provide a response and Counselor Boardman stated that he had to consult with his clients before he could provide a response.*

*Respectfully submitted this the 14 day of March, 2006.*

GEORGE E. JONES, III
Ala. Bar I.D. ASB-9546-S82G
*Attorney for the Plaintiff*

**ADDRESS OF COUNSEL:**

**GEORGE E. JONES, III
ATTORNEY & COUNSELOR AT LAW
711 Alabama Avenue
P. O. Box 9
Selma, Alabama 36702-0009
(334) 874-6617**

STATE OF ALABAMA        )

COUNTY OF DALLAS        )

## VERIFICATION

    Before me, the undersigned Notary Public, personally appeared GEORGE E. JONES, III, who being known to me and being first duly sworn, deposes and says that the contents of the foregoing are true and correct to be the best of his knowledge, information and belief, and that this motion is made in good faith and not merely for purposes of delay.

    SWORN TO AND SUBSCRIBED BEFORE, me this the __14__ day of March, 2006.

_____
GEORGE E. JONES, III

_____
Notary Public

(SEAL)

My Commission Expires: __10-30-08__

## CERTIFICATE OF SERVICE

    I hereby certify that I have this the __14__ day of March, 2006, served a copy of the foregoing by hand delivery upon:

> Mark S. Boardman, Esquire
> Katherine C. Hortberg, Esquire
> BOARDMAN, CARR & WEED, P.C.
> 400 Boardman Drive
> Chelsea, Alabama 35043-8211
> ATTORNEYS FOR DEFENDANTS

_____
OF COUNSEL