IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

ORIGINAL RECEIVED

2006 MAR 14  P 4: 36

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

BENNY L. WRIGHT and KATHERINE )
E. WRIGHT, as parents and next )
friends of JESSICA W., a minor child, )
)
Plaintiffs, )
)
vs. )   CIVIL ACTION NO.
)   2:05cv699-T
THE CHILTON COUNTY BOARD OF )
EDUCATION, et al., )
)
Defendants. )

## NOTICE OF FILING OF THE
## AFFIDAVIT OF BRANDON L. BLANKENSHIP

PLEASE TAKE NOTICE that on this date the PLAINTIFFS have filed with the Clerk of the Court, as part of their CONSOLIDATED RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT, the AFFIDAVIT OF BRANDON L. BLANKENSHIP, with one exhibit, which was executed on March 9, 2006, which is attached hereto.

Respectfully submitted this the 14 day of March, 2006.

GEORGE E. JONES, III
Ala. Bar I.D. ASB-9546-5826
Attorney for the Plaintiffs

## CERTIFICATE OF SERVICE

I hereby certify that I have this the 14th day of March, 2006, served a copy of the foregoing by placing same in the United States Mail, postage prepaid and addressed to:

> Mark S. Boardman, Esquire
> Katherine C. Hortberg, Esquire
> BOARDMAN, CARR & WEED, P.C.
> P. O. Box 382886
> Birmingham, Alabama 35238-2886
> ATTORNEYS FOR DEFENDANTS

_____
OF COUNSEL

**ADDRESS OF COUNSEL:**

**GEORGE E. JONES, III**
**ATTORNEY & COUNSELOR AT LAW**
**711 Alabama Avenue**
**P. O. Box 9**
**Selma, Alabama 36702-0009**
**(334) 874-6617**

STATE OF         Alabama      }
                              }                          ORIGINAL
COUNTY OF        Jefferson    }


### AFFIDAVIT OF BRANDON L. BLANKENSHIP

My name is BRANDON L. BLANKENSHIP. I am over twenty-one (21) years of age, I have personal knowledge of the facts set forth in this affidavit, and I am competent to testify as to the matters contained herein. I understand that this affidavit is to be offered in opposition to a Motion For Summary Judgment filed by the DEFENDANTS in the case of BENNY L. WRIGHT, et. al., vs. CHILTON COUNTY BOARD OF EDUCATION, Case No. 2:05 cv 699-T, which is presently pending in The United States District Court for The Middle District of Alabama. I am an attorney duly licensed to practice law in The State of Alabama. I received my law degree in 2001 from Thomas Goode Jones School of Law and I was admitted to the Alabama State Bar in 2004. My law office is in Birmingham and my practice is concentrated in the representation of plaintiffs and white collar defense.

I am personally acquainted with PLAINTIFFS BENNY L. WRIGHT and KATHERINE WRIGHT. I am also personally acquainted with their daughter, JESSICA WRIGHT, and I am generally familiar with her medical condition(s). I have been personally acquainted with the WRIGHT family for approximately fifteen (15) years. It is my understanding that little JESSICA suffers from the terminal disease known as Cystic Fibrosis. I have personally witnessed some of her symptoms such as breathing difficulties, persistent coughs, and fatigue.

In March of 2005, I telephoned the attorney for the CHILTON COUNTY BOARD OF EDUCATION, the Honorable JOHN HOLLIS JACKSON of Clanton, Alabama, to report that the teacher(s) and principal(s) at JESSICA'S school were failing and refusing to accommodate her special needs associated with her terminal illness. I told Mr. Jackson that JESSICA needed free use of the bathroom without ridicule from the teacher(s) and/or the school's administration, accommodation for her school work and class time she missed (such as a tutor) and incorporation into extra-curriculum activities. I further reported to Mr. Jackson that the acts and omissions of school officials in this matter, in my professional opinion, were possibly violative to the provisions of The Individuals with Disabilities in Education Act, 20 U.S.C. § 1400 et seq., and/or Section 504 of The Rehabilitation Act of 1973, 29 U.S.C. § 1400 et seq. Mr. Jackson told me that he would check into the matter. On or about March 9, 2005, I wrote a letter to the attorney for THE CHILTON COUNTY

BOARD OF EDUCATION, the Honorable JOHN HOLLIS JACKSON, of Clanton Alabama. A reprint of said letter is attached and incorporated herein by reference. Some days later I received another telephone call from Mr. Jackson. He stated that he had contacted MILDRED ELLISON, the Superintendent of Chilton County Schools, and discussed with her my request that an Individual Education Plan (I.E.P.) be implemented for JESSICA. Mr. Jackson stated that Superintendent ELLISON'S response to my request for and I.E.P. was denied, as she concluded that Cystic Fibrosis does not constitute a disability under The Individuals with Disabilities Act, or, The Rehabilitation Act of 1973.

Further the affiant saith not.

Verified on this the 9th day of March, 2006.

_____
BRANDON L. BLANKENSHIP

ORIGINAL

STATE OF          Alabama        }
                                 }
COUNTY OF         Jefferson      }

## VERIFICATION

Before me, the undersigned Notary Public, personally appeared BRANDON L. BLANKENSHIP, who being know to me and being first duly sworn, deposes and says that he is the affiant in the matter, that he has read the contents of the foregoing, and that the contents of same are true and correct to be the best of his knowledge, information and belief.

_____
BRANDON L. BLANKENSHIP

SWORN TO AND SUBSCRIBED BEFORE me this, the ___9___ day of March, 2006.

_____
NOTARY PUBLIC

(seal)

My Commission Expires: _7  25  2009_

-3-



Writer's Extension: 222
Writer's Email: bblankenship@gilbertcookpc.com

March 9, 2005

John Hollis Jackson, Jr.
Jackson & Jackson, LLP
Post Office Box 1818
Clanton, AL 35046

RE:   Jessica Nicole Wright, DOB: February 13, 1992, SSN: XXX-XX-7105

Dear Mr. Jackson,

Thank you for talking with me yesterday regarding the referenced child. Jessica is terminally ill from a genetic disorder - Cystic Fibrosis. I believe she would qualify as a special needs child under the category of Other Health Impaired.

The complaint is that Jessica, in spite of the fact that she was a junior high cheerleader last year, recently tried out to be a junior high cheerleader and other girls who were related to the judges were privileged over her.

Without reaching any judging irregularities, I believe the school may reconsider its position based solely on Jessica's IEP. I have worked with other children who were able to show that extracurricular activities or even at home activities were an essential part of their IEP. In some of those situations, the expense to the Board was relatively heavy. Here, I believe I can bring an expert to show that in Jessica's situation cheerleading is a unique method of addressing Jessica's disability while keeping her in a mainstream environment. It is a cost effective way for the school to accommodate Jessica in that the physical activity of cheerleading itself provides a replacement for a physical therapist and the comradery with the other cheerleaders provides a replacement for outside tutoring. I would also draw your attention to the fact that while Jessica was cheerleading last year her attendance was markedly improved. Not only would this support an expert's findings in favor of Jessica on this issue, it would also seem to reduce the expense and hassle to the school in not having to accommodate Jessica for the days she had to be out due to her disability.

As we discussed, I will be out of the state until Monday. I will check with you then. If you need me before then, leave me a voice mail and I will call you back and if ever I can assist you, please promptly call on me.

Very truly yours,



Brandon L. Blankenship
For the Firm