IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DISTRICT

| | |
|---|---|
| BENNY L. WRIGHT and KATHERINE E. WRIGHT, as parents and next friends of JESSICA W., a minor )<br><br>Plaintiffs, )<br><br>v. )<br><br>THE CHILTON COUNTY BOARD OF EDUCATION, et al. ) | Case No. 2:05-CV-0699-C |

**DEFENDANTS' MOTION TO STRIKE PLAINTIFFS' CONSOLIDATED RESPONSE IN OPPOSITION TO MOTION FOR SUMMARY JUDGMENT AND AFFIDAVIT OF BRANDON L. BLANKENSHIP**

COME NOW the defendants identified as Chilton County Board of Education, Mildred Ellison, Ann Glasscock, Alan Childress, Ann Thomas, Joe Mims, Peggy Harris, Curtis Smith, Michael Gothard, Daryl Baker, and Donnie Finlayson and respectfully move to strike plaintiffs' Consolidated Response to their Motion for Summary Judgment and the Affidavit of Brandon L. Blankenship. In further support of this motion, the defendants state as follows:

1. Plaintiffs' consolidated response and the attached affidavit of Brandon L. Blankenship are due to be stricken.

2. This Court's September 20, 2005 Scheduling Order requires the parties, in any brief relating to a dispositive motion, to accompany all discussion of the evidence in the brief with a specific reference, by page and line, to where the evidence can be found in the supporting deposition or document.

3. Plaintiffs' Consolidated Brief fails to adhere to such requirement.

4. Plaintiffs fail to rebut any of the narrative statement of undisputed facts set out by the

defendants in support of their Motion for Summary Judgment. Instead, plaintiffs provide their own "narrative summary of facts."

5. Furthermore, nowhere in the 21 pages of the body of their argument do the plaintiffs cite to any evidentiary support. In fact, there is not a single cite to any evidence in the argument except the complaint.

6. Federal Rule of Civil Procedure 56(e) states that "[w]hen a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." Further, the non-moving party is required to present substantial evidence, that is: "Evidence of such quality and weight that reasonable and fair-minded jurors in the exercise of impartial judgment might reach different conclusions." Zaklama v. Mt. Sinai Medical Center, 842 F.2d 291, 295 (11th Cir. 1988) (citing Boeing Co. v. Shipman, 411 F.2d 365, 374 (5th Cir. 1969)); Reynolds v. CLP Corp., 812 F.2d 671, 674 (11th Cir. 1987); Michigan Abrasive Co. v. Poole, 805 F.2d 1001, 1004 (11th Cir. 1986)).

7. Attached to their Response, plaintiffs filed the affidavit of Brandon L. Blankenship.

8. Plaintiffs fail to cite to the affidavit as supporting evidence of any legal argument or alleged fact in their response. In fact, the affidavit is not incorporated by reference anywhere in the plaintiffs' response.

9. Federal Rule of Civil Procedure 56 (e) requires that affidavits submitted in opposition to a motion for summary judgment "shall set forth such facts as would be admissible in evidence."

10. Mr. Blankenship's affidavit does not set forth facts which would be admissible in evidence and is therefore due to be stricken.

11. Mr. Blankenship's affidavit makes certain representations about an alleged telephone conference with the attorney for the Chilton County Board of Education, Mr. John Hollis Jackson, Esquire.

12. However, neither Mr. Blankenship nor Mr. Hollis are attorney of record for any party in this matter. Therefore, any representations made by either attorney cannot bind the actual attorneys of record.

13. Further, Mr. Blankenship's affidavit refers to statements allegedly made by him and Mr. Jackson during settlement negotiations, which clearly are not admissible evidence. Federal Rule of Evidence 408.

14. Lawyers' alleged statements on behalf of their clients are not admissible evidence.

15. Mr. Blankenship's affidavit references alleged comments made by the Superintendent of the Chilton County Board of Education to Mr. Jackson, which were then allegedly repeated to Mr. Blankenship. Clearly, such representations constitute hearsay, which is inadmissible evidence. Federal Rule of Evidence 802.

16. Furthermore, the letter attached to Mr. Blankenship's affidavit clearly shows the that the purpose of Mr. Blankenship's phone call to Mr. Jackson was to have the plaintiff student placed on the cheerleading squad, a more specific purpose than Mr. Blankenship alleges in his affidavit, prepared a year after the alleged conversation. (*See* letter attached to Mr. Blankenship's affidavit, ¶ 2, stating "The complaint is that Jessica, in spite of the fact that she was a junior high cheerleader last year, recently tried out to be a junior high cheerleader and other girls who were related to the

judges were privileged over her.")  The letter does not reference an alleged denial of any special accommodations to the plaintiff student or alleged violations of the IDEA or § 504.

17.    The letter attached to Mr. Blankenship's affidavit is not from an attorney of record in this case and is not addressed to an attorney of record in this case.  Therefore, the letter cannot bind the current attorneys of record.

18.    Clearly, the plaintiffs' consolidated response to defendants' Motion for Summary Judgment is due to be stricken as it does not conform to the Federal Rules of Civil Procedure or this court's Scheduling Order.

19.    The supporting affidavit is also due to be stricken as it does not conform to the requirements of the Federal Rules of Civil Procedure or Federal Rules of Evidence.

WHEREFORE, PREMISES CONSIDERED, Defendants identified as Chilton County Board of Education, Mildred Ellison, Ann Glasscock, Alan Childress, Ann Thomas, Joe Mims, Peggy Harris, Curtis Smith, Michael Gothard, Daryl Baker, and Donnie Finlayson respectfully request that this Court strike Plaintiffs' Consolidated Response in Opposition to Motion for Summary Judgment and attached Affidavit of Brandon L. Blankenship.

Respectfully submitted,

*s/Katherine C. Hortberg*
Mark S. Boardman (ASB-8572-B65M)
*E-mail:  mboardman@boardmancarr.com*
Katherine C. Hortberg (ASB-5374-B34K)
*E-mail:  khortberg@boardmancarr.com*
Counsel for Defendants
BOARDMAN, CARR & HUTCHESON, P.C.
400 Boardman Drive
Chelsea, Alabama 35043-8211
Telephone:  (205) 678-8000
Facsimile:  (205) 678-0000

4

## CERTIFICATE OF SERVICE

      I hereby certify that on **March 22, 2006** I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

<u>*VIA U.S. MAIL*</u>
George E. Jones, III
Post Office Box 9
Selma, AL 36702-0009

                                            <u>*s/Katherine C. Hortberg*</u>
                                            Of Counsel