IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

RECEIVED
2006 MAR 22  P 4:06

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

BENNY L. WRIGHT and KATHERINE )
E. WRIGHT, as parents and next )
friends of JESSICA W., a minor child, )
)
    Plaintiffs, )
)
vs. ) CIVIL ACTION NO.
) 2:05cv699-T
THE CHILTON COUNTY BOARD OF )
EDUCATION, et al., )
)
    Defendants. )

## MEMORANDUM BRIEF AND ARGUMENT IN SUPPORT OF (i) REQUEST FOR ENLARGEMENT OF TIME TO FILE RESPONSE TO SUMMARY JUDGMENT AND (ii) REQUEST THAT RESPONSE BE ACCEPTED AS TIMELY FILED

### Introduction

Presently pending before the Court is PLAINTIFFS' First Amended and Verified Motion for Enlargement of Time in which for them to file their written response in opposition to DEFENDANTS' pending Motion for Summary Judgment. The said written response was filed on or about March 14, 2006, and PLAINTIFFS have further requested that their response be accepted as timely filed. The sole issue presented herein is whether this Court should grant PLAINTIFFS' motion and accept the PLAINTIFFS' Consolidated Response in Opposition to Summary Judgment despite it's untimeliness.

I. **THIS COURT HAS DISCRETIONARY AUTHORITY TO JUSTIFY AN EXTENSION OR ENLARGEMENT OF TIME IN EXCEPTIONAL CIRCUMSTANCES.**

It is abundantly clear that [t]he district court may modify the pretrial schedule 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'" **Johnson v. Mammoth Recreations**, 975 F. 2d 604 (9th Cir. 1992); **Nobles v. Rural Community Ins. Services**, 303 F. Supp. 2d 1279 (M.D. Ala. 2004). It is axiomatic that under Rule 16, Fed. R. Civ. Pro., the modification of a scheduling order is to be granted only upon a showing of good cause. Id., 303 F. Supp. 2d at 1283. In the Eleventh Circuit a party's ability to amend . . . after the district court has entered a scheduling order is governed by a good-cause standard. **Sosa v. Airprint Sys.**, 133 F. 3d 1417 (11th Cir. 1998). PLAINTIFFS respectfully submit that they have demonstrated good cause and that the Court should modify it's scheduling order so as to accept our CONSOLIDATED RESPONSE TO SUMMARY JUDGMENT as timely filed.

A. **Background**

On or about February 14, 2006, and pursuant to the provisions of the Court's Rule 16 Uniform Scheduling Order, the DEFENDANTS filed their consolidated Motion for Summary Judgment with supporting evidentiary materials and brief. This Court subsequently issued a written Order directing that the PLAINTIFFS submit their response and evidentiary materials in opposition to the Motion for Summary Judgment on or before March 6, 2006. On or about March 3, 2006, approximately three (3) days prior to the said deadline, PLAINTIFFS' counsel filed with the Court a "VERIFIED MOTION FOR EXTENSION OF TIME TO FILE RESPONSE TO MOTION SUMMARY JUDGMENT." The


*principal grounds asserted in said verified motion was that PLAINTIFFS had been without sufficient funds to purchase transcripts of the depositions in this matter and that the court-reporting firm would not extend them credit. The said motion went on to explain that PLAINTIFFS had finally obtained the necessary funds to purchase the transcripts and that the transcripts would be shipped overnight to their attorney so as to arrive on Friday, March 3, 2006. The transcripts were indeed received on March 3, 2006, which left PLAINTIFFS' counsel approximately three (3) days to read over four hundred-fifty (450) pages of deposition testimony and to prepare a response which included detailed references to the page number and line number of each witness' testimony. Counsel for PLAINTIFFS felt that he could not read all of the transcripts and prepare an adequate response in the short time that remained between Friday, March 3, 2006, and Monday, March 6, 2006, and he therefore filed a request for an extension . PLAINTIFFS' counsel did not request an extension earlier than he did, prior to March 3, 2006, because prior thereto he anticipated having sufficient funds to acquire the deposition transcripts and thus be able to file PLAINTIFFS' response in a timely manner.*

### B.     *The Court's Initial Ruling*

*On or bout March 6, 2006, in response to the said motion for extension, this Court entered an Order denying PLAINTIFFS' request for said extension. The said Order provided that the basis of the denial of PLAINTIFFS' Motion for Extension was that (i) PLAINTIFFS' counsel had failed to contact counsel for the DEFENDANTS, as required by the Scheduling Order, to determine whether or not DEFENDANTS opposed such an extension, and (ii) that the Motion for Extension constituted an "eleventh hour" extension*

*request which was unsupported by an adequate explanation of the circumstances. On or about March 14, 2006, PLAINTIFFS thus filed a "FIRST AMENDED AND VERIFIED MOTION FOR ENLARGEMENT OF TIME TO FILE RESPONSE TO MOTION FOR SUMMARY JUDGMENT AND REQUEST THAT RESPONSE BE ACCEPTED AS TIMELY FILED." On that same date PLAINTIFFS also filed their written response to the pending motion for summary judgment. By written Order this Court directed that all briefs in support of and in opposition to PLAINTIFFS' pending motion be filed on or before March, 22, 2006.*

C.    **PLAINTIFFS' Good Faith**.

*PLAINTIFFS respectfully submit that their failure to file their initial motion for extension well in advance of the scheduling order deadline was not in bad faith nor for purposes of delay. As set forth in our previous motions, both PLAINTIFFS and their counsel made diligent, good-faith attempts to purchase the deposition transcripts well in advance of the scheduling order deadline for them to respond to the pending motion for summary judgment. When the deposition transcripts were ultimately received by PLAINTIFFS' counsel on March 3, 2006, there was very little time available for the transcripts to be read, indexed, and incorporated into PLAINTIFFS' response which was due on March 6, 2006. The PLAINTIFFS' failure to timely file their request for an extension was not wilful, dilatory, or contumacious. Based on the totality of the circumstances, PLAINTIFFS' pray this Honorable Court shall find that PLAINTIFFS have shown good cause for the Court to allow their untimely request for extension of time, and they further pray that the Court shall accept PLAINTIFFS' CONSOLIDATED RESPONSE IN OPPOSITION TO SUMMARY JUDGMENT as timely filed. See, e.g,* **Howard v.**

***Weinberger**, 489 F.2d 216 (5th Cir: 1974)(where government had sought extension of time to answer complaint for review of denial of disability insurance benefits because of inability to prepare transcript of the administrative record, and on May 3 filed motion for leave to file answer out of time, and on May 7 amended the motion so as to add an answer and the transcript, motion of May 7 should have been granted and entry of default judgment on June 1 was arbitrary and constituted an improvident use of judicial discretion).*

## CONCLUSION

*PLAINTIFFS respectfully submit that the refusal of the court-reporting service to extend credit to them and/or their attorney for the deposition transcripts, thus requiring PLAINTIFFS to pay for the balance of the cost of the transcripts prior to delivery, was unforeseeable in view of the usual customs and practices regarding delivery of transcripts between court reporters and attorneys in the Middle District. PLAINTIFFS further submit that their inability to obtain sufficient funds to purchase the transcripts well in advance of the submission deadline was also unforeseeable, and that they did make good faith attempts to obtain such funds prior to the proverbial "eleventh hour."*

*The injuries and damages suffered by the minor child in this case are real and immediate and not conjectural and hypothetical. We seek equitable relief in addition to monetary damages, and we therefore pray this Court will favor substance over form and accept our response in opposition to summary judgment as timely filed.*

*Respectfully submitted this the 22 day of March, 2006.*

GEORGE E. JONES, III
Ala. Bar I.D. ASB-9546-S82G
*Attorney for the Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that I have this the **22** day of March, 2006, served a copy of the foregoing by hand delivery upon:

> Mark S. Boardman, Esquire
> Katherine C. Hortberg, Esquire
> BOARDMAN, CARR & WEED, P.C.
> 400 Boardman Drive
> Chelsea, Alabama 35043-8211
> ATTORNEYS FOR DEFENDANTS

*[signature]*
OF COUNSEL

**ADDRESS OF COUNSEL:**

**GEORGE E. JONES, III**
**ATTORNEY & COUNSELOR AT LAW**
711 Alabama Avenue
P. O. Box 9
Selma, Alabama 36702-0009
(334) 874-6617