**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**NORTHERN DISTRICT**

| | | |
|---|---|---|
| **BENNY L. WRIGHT and KATHERINE** | ) | |
| **E. WRIGHT, as parents and next** | ) | |
| **friends of JESSICA W., a minor** | ) | |
| | ) | |
| **Plaintiffs,** | ) | **Case No. 2:05-CV-0699-C** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **THE CHILTON COUNTY BOARD OF** | ) | |
| **EDUCATION, et al.** | ) | |
| | ) | |

**DEFENDANTS' MOTION TO STRIKE PORTIONS OF PLAINTIFFS' NARRATIVE**
**SUMMARY OF FACTS IN THEIR CONSOLIDATED RESPONSE IN OPPOSITION TO**
**DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

COME NOW Defendants identified as Chilton County Board of Education, Mildred Ellison, Ann Glasscock, Alan Childress, Ann Thomas, Joe Mims, Peggy Harris, Curtis Smith, Michael Gothard, Daryl Baker, and Donnie Finlayson and respectfully move to strike portions of plaintiffs' Narrative Summary of Facts included in their Consolidated Response in Opposition to Defendants' Motion for Summary Judgment.  In further support of this motion, defendants state as follows:

1.      Many of the "undisputed facts" asserted by the plaintiffs in their Narrative Summary of Facts, included in their Consolidated Response in Opposition to Motion for Summary Judgment, are inadmissible hearsay evidence and are due to be stricken.

2.      The plaintiffs cite to deposition testimony from the plaintiff mother in support of the following 'undisputed fact': "An unknown representative from the central office came to the school and met with the principal, Defendant Donnie Finlayson, 'to discuss special needs for [the plaintiff student].'" (p. 13).  Clearly, since the plaintiff mother was not a party to this alleged conversation, it is inadmissible hearsay evidence which is due to be stricken. F.R.E. 802

3.      The plaintiffs declare in their Narrative Summary of Facts, page 14, that "Sadly, Defendant Ann Glasscock never did anything to help the child."  However, this statement does not accurately reflect the plaintiff mother's deposition testimony.  She actually testified that Ms. Glasscock never offered to do anything to help the plaintiff student to her knowledge. (Depo. of K. Wright, p. 150, l. 3- 9).  Furthermore, the plaintiffs did not offer any evidence that Ms. Glasscock owed a duty to the plaintiffs in regard to the IDEA.

4.      Plaintiffs' assertion in regard to the mother's testimony that despite the assertions of a non-party educator that "everything would be handled and taken care of just fine," the student was not allowed to eat snacks in class or allowed to go to the bathroom "many times" is contrary to the testimony of the student, who was actually present at school, inadmissible hearsay, and due to be stricken.  The plaintiff student herself testified that she is allowed to carry snacks with her or leave them in the teachers' classrooms at the middle school.  (Depo. of J. Wright, p. 59, l. 5-p. 60, l. 14; p. 62, l. 17-21; p. 63, l. 9-18; p. 64, l. 5-9.)  She also testified that except for one occasion during PE class, the plaintiff student was always allowed to use the restroom whenever she needed to in the sixth grade.  (Depo. of J. Wright, p. 123, l. 19-p. 124, l. 23.)  And, on only one occasion in the seventh grade was the plaintiff student told she could not leave class to go to the restroom.  (Depo. of J. Wright, p. 119, l. 15-p. 120, l. 22; p. 123, l. 4-18; p. 168, l. 3-7; Affidavit of Baker.)  The plaintiff student has always been allowed to use the restroom whenever she has needed to during the eighth grade.  (Depo. of J. Wright, p. 125, l. 9-12.)

5.      Plaintiffs cite to the deposition testimony of the plaintiff mother and the complaint in support of their alleged description of the discussion between Mr. Finlayson and the plaintiff student. (Pl.'s Response, pp. 16-17)  Clearly, the plaintiff mother cannot testify to the conversation

between her daughter and the principal as such constitutes inadmissible hearsay.  F.R.E. 802 Further, the allegations in the complaint are without evidentiary support.

6.    Plaintiffs also assert that the plaintiff student was made fun of at school in their Narrative Summary, page 22.  However, there is no testimony from the plaintiff student cited in support of this allegation.  Instead, the plaintiff parents, who do not claim to have witnessed an incident when the student was made fun of, testified about it, and their testimony is used in support of this allegation.  (Pl.'s Response, p. 22)  Clearly, this constitutes inadmissible hearsay evidence, pursuant to F.R.E. 802.

7.    In the "Introduction and Procedural History" of plaintiffs' Narrative Summary of Facts, plaintiffs reiterate their claims as to what the plaintiff student's ideal IEP would contain. (Pl.'s Response, p. 8).

8.    However, the plaintiffs have no evidence in the form of expert testimony that the plaintiff student is eligible for an IEP or what should be included in her IEP, if she is determined eligible as a student with disabilities under the IDEA.

9.    Instead, the defendants have shown, through the affidavits of three educators, that the plaintiff student is receiving a good education and is making good grades.  (Aff. of Finlayson, Ellison and Baker).

10.    Clearly, plaintiffs' unsupported and unfounded statements regarding the appropriate contents of an IEP for the plaintiff student in their Narrative Summary of Facts is due to be stricken.

WHEREFORE, PREMISES CONSIDERED, Defendants identified as Chilton County Board of Education, Mildred Ellison, Ann Glasscock, Alan Childress, Ann Thomas, Joe Mims, Peggy Harris, Curtis Smith, Michael Gothard, Daryl Baker, and Donnie Finlayson respectfully move to

strike portions of plaintiffs' Narrative Summary of Facts included in their Consolidated Response

in Opposition to Defendants' Motion for Summary Judgment.

                    Respectfully submitted,

                    /s/  *Mark S. Boardman* (ASB-8572-B65M)

                    /s/  *Katherine C. Hortberg* (ASB-5374-B34K)
                    BOARDMAN, CARR & HUTCHESON, P.C.
                    400 Boardman Drive
                    Chelsea, Alabama 35043-8211
                    (205) 678-8000
                    (205) 678-0000 FACSIMILE

## CERTIFICATE OF SERVICE

    I hereby certify that on **April 7, 2006**, I electronically filed and sent via U.S. mail the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following :

**VIA U.S. MAIL**
George E. Jones, III
Post Office Box 9
Selma, AL 36702-0009

                    *s/Katherine C. Hortberg*
                    Of Counsel

4