# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
## NORTHERN DISTRICT

| | | |
|---|---|---|
| BENNY L. WRIGHT and KATHERINE | ) | |
| E. WRIGHT, as parents and next | ) | |
| friends of JESSICA W., a minor | ) | |
| | ) | |
| Plaintiffs, | ) | Case No. 2:05-CV-0699-C |
| | ) | |
| v. | ) | |
| | ) | |
| THE CHILTON COUNTY BOARD OF | ) | |
| EDUCATION, et al. | ) | |
| | ) | |

## ANSWER

COME NOW the defendants identified as Chilton County Board of Education, Mildred Ellison, Ann Glasscock, Alan Childress, Ann Thomas, Joe Mims, Peggy Harris, Curtis Smith, Michael Gothard, Daryl Baker, and Donnie Finlayson and for answer to the plaintiffs' Complaint state as follows:

1.     The defendants plead the general issue, deny all material averments of the Plaintiffs' Complaint except that Daryl Baker, Donnie Finlayson and Mildred Ellison were educators employed by the Chilton County Board of Education and Ann Glasscock, Alan Childress, Ann Thomas, Joe Mims, Peggy Harris, Curtis Smith and Michael Gothard were members of the Chilton County Board of Education and demand strict proof of all claims and allegations.

2.     The defendants say that they are innocent of the allegations made against them.

3.     The defendants say that the Complaint fails to state a claim upon which relief can be granted.

4.     The defendants plead the defense of Eleventh Amendment immunity, stating that the plaintiffs' claims are barred by the Eleventh Amendment to the United States Constitution, and the

defenses of sovereign immunity.

5.     The defendants plead the defense of qualified immunity.

6.     The defendants deny that they deprived the plaintiffs of their civil rights under the Fourteenth Amendment.

7.     The defendants deny that they deprived the plaintiffs of their procedural due process rights under the Fourteenth Amendment.

8.     The defendants deny that they deprived the plaintiffs of their equal protection rights under the Fourteenth Amendment.

9.     The defendants deny that they deprived the plaintiff student of any rights under the Individuals with Disabilities Education Act, 20 U.S.C. § 1400 *et seq.*

10.     The plaintiffs have claimed punitive damages. An award of punitive damages in this case would violate the United States Constitution and also the Alabama Constitution. The Plaintiffs' claim for punitive damages violates the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments of the United States Constitution, on the following grounds:

a.     Plaintiffs' claim of punitive damages violates the Due Process and Equal Protection Clauses of the Fifth and Fourteenth Amendments of the United States Constitution in that it imposes punitive damages, which are penal in nature, against a civil defendant which deprives the civil defendant of the same procedural safeguards afforded to criminal defendants; and

b.     Plaintiffs' claim of punitive damages violates the defendants' right to due process pursuant to the Due Process Clause of the Fourteenth Amendment of the United States Constitution in that it fails to provide specific standards for the amount of an award of punitive damages; and

c.     Plaintiffs' claim of punitive damages violates the Due Process Clause of the Fifth and Fourteenth Amendments of the United States Constitution in that it fails to provide a reasonable limit on the amount of an award of punitive damages; and

2

d.    Plaintiffs' claim of punitive damages violates the Due Process Clause of the Fifth and Fourteenth Amendments of the United States Constitution in that it is unconstitutionally vague; and

e.    Plaintiffs' claim of punitive damages violates the Due Process Clause of the Fifth and Fourteenth Amendments of the United States Constitution in that it constitutes a deprivation of property without due process of the law; and

f.    Plaintiffs' claim of punitive damages violates the Due Process Clause of the Fifth and Fourteenth Amendments and the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution in that it permits the imposition of punitive damages in excess of the maximum criminal fine for the same or similar conduct; and

g.    Plaintiffs' claim of punitive damages violates the Eighth Amendment of the United States Constitution in that it constitutes an excessive fine as well as cruel and unusual punishment; and

h.    Plaintiffs' claim of punitive damages violates the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution in that it may result in an award of joint and several judgments against multiple defendants for different alleged acts of wrongdoing.

Further, based on both the Due Process Clause and the Eighth Amendment, on appeal, the constitutionality of an award of punitive damages is to be reviewed using a *de novo* standard, since the jury's award of punitive damages does not constitute a finding of fact.

To the extent the Alabama Constitution is applicable, the plaintiffs' claim of punitive damages violates the Due Process Clause of the Alabama Constitution (1901), on the following grounds:

a.    Plaintiffs' claim for punitive damages would impose punitive damages, which are penal in nature, against civil defendants which would deprive the civil defendants of the same procedural safeguards afforded to criminal defendants; and

b.    Plaintiffs' claim for punitive damages fails to provide specific standards for the amount of an award of punitive damages; and

c.     Plaintiffs' claim for punitive damages fails to provide a reasonable limit on the amount of an award of punitive damages; and

d.     Plaintiffs' claim for punitive damages is unconstitutionally vague; and

e.     Plaintiffs' claim for punitive damages constitutes a deprivation of property without due process of the law; and

f.     Plaintiffs' claim for punitive damages permits the imposition of punitive damages in civil cases in excess of the maximum criminal fine established by Title 13 of the Alabama Code for the same or similar conduct.

Plaintiffs' claim for punitive damages violates Article I, § 15 of the Alabama Constitution (1901) in that it constitutes an excessive fine as well as cruel and unusual punishment.

Plaintiffs' claim of punitive damages violates Article I, § 10, Clause 1 of the United States Constitution and Article I, § 22 of the Alabama Constitution (1901) in that it violates the prohibition against laws that impair the obligations of contracts.

Plaintiffs' claim of punitive damages constitutes an unreasonable and excessive award in that it bears no reasonable relationship to any harm the plaintiffs allegedly suffered as a result of the defendants' conduct or any harm that actually occurred to the plaintiffs.

Plaintiffs' claim of punitive damages is subject to the "clear and convincing" and "substantial evidence" standards of proof contained in Alabama Code § 6-11-20(4) (1975) pursuant to the Due Process Clause of the Alabama Constitution (1901).

11.     To the extent the plaintiffs claim the defendants have lost their Eleventh Amendment immunity due to acceptance of federal funds (such as arguing a contractual relinquishment of Eleventh Amendment immunity), the defendants say that their loss of immunity and, hence, their total possible liability here, would be the consideration given by the federal government, namely the

amount of federal funds received by the Chilton County Board of Education, the only federal funds recipient among all the parties.

12.     Insofar as the plaintiffs make a claim for attorneys' fees as the prevailing party, the defendants serve notice that they, too, intend to seek attorneys' fees, should they, or any of them, be the prevailing party in this litigation.

13.     As to the state law claims, the defendants plead the defense of sovereign immunity.

14.     The defendants plead the defense of state agent immunity.

15.     The defendants plead the defense of discretionary immunity.

16.     The defendants plead the defense of discretionary function immunity.

17.     The defendants plead the school masters defense.

18.     The defendants plead parental immunity.

19.     The defendants plead the defense of statutory immunity, both federal and state.

20.     The defendants plead the plaintiffs have failed to exhaust administrative remedies and, as such, the Complaint is due to be dismissed.

21.     The defendants plead the plaintiffs have failed to exhaust their administrative remedies under the Individuals with Disabilities Education Act, and as such, the Complaint is due to be dismissed.

22.     The defendants plead that the Court lacks jurisdiction over this matter because the sole remedies of the plaintiffs are administrative.

23.     These defendants stand *in loco parentis* to the minor plaintiff and, as such, the proper burden of proof of against them is by clear and convincing evidence, not any other standard.

24.     The defendants plead parental immunity because they stand *in loco parentis* of the

plaintiff student.

25.    The defendants deny the existence of a duty.

26.    The defendants deny the breach of any duty.

27.    The defendants deny any breach of professional duty.

28.    The defendants deny that any action or inaction by them caused or contributed to cause the injuries complained of.

29.    The defendants deny that the plaintiff parents have lost the services of their child.

30.    The defendants deny any outrageous conduct.

31.    The defendants plead privilege.

32.    The defendants plead conditional privilege.

33.    The defendants plead statutory privilege.

34.    The defendants plead the defense of lack of notice and, further, the defenses of laches, waivers and estoppel.

35.    The defendants say the plaintiffs have failed to mitigate damages.

Respectfully submitted,

*s/ Mark S. Boardman*
Mark S. Boardman (ASB-8572-B65M)
*E-mail:  mboardman@boardmancarr.com*
Katherine C. Hortberg (ASB-5374-B34K)
*E-mail:  khortberg@boardmancarr.com*
Counsel for Defendants
BOARDMAN, CARR & HUTCHESON, P.C.
400 Boardman Drive
Chelsea, Alabama 35043-8211
Telephone:  (205) 678-8000
Facsimile:  (205) 678-0000

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on the **May 8th, 2006** I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

***VIA U.S. MAIL***
George E. Jones, III
Post Office Box 9
Selma, AL 36702-0009

<u>*s/ Mark S. Boardman*</u>
Of Counsel

7