IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DISTRICT

| | |
|---|---|
| BENNY L. WRIGHT and KATHERINE E. WRIGHT, as parents and next friends of JESSICA W., a minor )<br><br>Plaintiffs, )<br><br>v. )<br><br>THE CHILTON COUNTY BOARD OF EDUCATION, et al. ) | Case No. 2:05-CV-0699-C |

ORDER ON PRETRIAL HEARING

A pretrial hearing was held in this case on May 15, 2006, wherein the following proceedings

were held and actions taken:

1. **PARTIES AND TRIAL COUNSEL**: Plaintiffs Benny L. Wright and Katherine

E.

Wright, as parents and next friends of Jessica W., a minor- George E. Jones, Esq.; and

Defendants Chilton County Board of Education, Mildred Ellison, Ann Glasscock, Alan

Childress, Ann Thomas, Joe Mims, Peggy Harris, Curtis Smith, Michael Gothard, Daryl

Baker, and Donnie Finlayson- Mark S. Boardman, Esq.

**COUNSEL APPEARING AT THE PRETRIAL HEARING**: same as trial

counsel

2. **JURISDICTION AND VENUE**: 28 U.S.C. §§1331 and 1342 and 28 U.S.C.

§ 1391(b)

3.  **PLEADINGS**: The following pleadings and amendments were allowed:

    Plaintiffs' Complaint; Defendants' Answer

4.  **CONTENTIONS OF THE PARTIES:**

    (a) The minor PLAINTIFF'S action is brought under the Individuals With Disabilities in Education Act, 20 U.S.C., §§ 1400 et seq., ("I.D.E.A.") contending that DEFENDANTS failed to provide the minor PLAINTIFF, a child with a disability, a free appropriate public education. Specifically, PLAINTIFFS contend that DEFENDANTS failed to implement and follow an Individualized Education Plan ("I.E.P."), as required by I.D.E.A., which would facilitate, among other things, special accommodations and special assistance to see that the child's needs are met during the course of each school day. The child has been diagnosed by physicians at Children's Hospital in Birmingham as terminally ill with cystic fibrosis or "C.F." PLAINTIFFS contend that this disease constitutes a disability and therefore qualifies the child for special accommodations under I.D.E.A. PLAINTIFFS contend that the disease causes abnormally thick and tenacious mucus to form in certain bodily organs which interferes with the normal function of the child's respiratory and gastrointestinal systems. PLAINTIFFS contend that they have given notice to the appropriate DEFENDANTS of the child's illness and that they have made numerous requests that the child receive an I.E.P. and other special accommodations under I.D.E.A. PLAINTIFFS contend that DEFENDANTS have refused to apply any of the provisions of I.D.E.A. to the PLAINTIFF child and that DEFENDANTS argue that the child is not disabled within the meaning of the I.D.E.A. PLAINTIFFS therefore contend that further efforts to obtain an I.E.P. and special accommodations for the child at the administrative level would be futile. PLAINTIFFS

further contend that they cannot exhaust the administrative remedies established by I.D.E.A. because there is no administrative decision of the DEFENDANTS to appeal from. PLAINTIFFS seek declaratory and injunctive relief to require the DEFENDANTS to provide the child with an appropriate and fully integrated public education by developing an I.E.P. which would set forth with specificity the special needs of the child, as well as mandate that school personnel comply with all of the provisions thereof. PLAINTIFFS principally contend that the child has been prevented from carrying and consuming enzymes which she is under a doctor's order to take; that the child has not been allowed to go to the bathroom when needed even though she experiences severe gastrointestinal distress caused by the C.F.; and that the child is not allowed to carry and consume snacks in the classroom even though her doctor has ordered it. In addition to the physical pain and suffering which PLAINTIFFS contend the child has suffered by DEFENDANTS' failure to comply with I.D.E.A., PLAINTIFFS further contend that certain DEFENDANTS have wilfully and deliberately inflicted emotional distress upon the child. PLAINTIFFS contend that certain DEFENDANTS have exacerbated the situation by uttering cruel and insensitive words directly to the child. PLAINTIFF'S contend that DEFENDANT FINLAYSON said the following to the child, "if you are going to be such a 'teaty baby' you need to stay at home," and " I am tired of you using your illness as an excuse to miss class." PLAINTIFFS contend that DEFENDANTS' wilful refusal to comply with I.D.E.A. has had the effect of denying the child access to educational opportunities and benefits provided by the school district. PLAINTIFFS also seek monetary damages against the individual DEFENDANTS in their individual capacities, pursuant to 42 U.S.C. § 1983, because their refusal to grant disability status to the child under

**I.D.E.A. has been wilful, deliberate, gross, and malicious. PLAINTIFFS contend that it is necessary for them to invoke the provisions of 42 U.S.C. § 1983 to seek compensatory and punitive damages against the individual DEFENDANTS because those DEFENDANTS are liable for monetary damages for violation(s) of I.D.E.A., if at all, only in their individual capacities. In their official capacities the said individual DEFENDANTS likely enjoy several different categories of immunity from suit for monetary damages. PLAINTIFFS contend that the individual DEFENDANTS are not immune from declaratory and injunctive relief in their official capacities, and that they are directly liable for the constitutional and other deprivations caused by their creation of, or acquiesce in, the policies, practices, procedures, directions, and other customs which have resulted in DEFENDANTS' failure and/or refusal to consider the child's illness as a recognized disease within the meaning of I.D.E.A. PLAINTIFFS' theory of recovery under 42 U.S.C. § 1983 is that the rights of the minor child to personal safety, security, privacy, and health, as guaranteed by the due process and equal protection clauses of the Fourteenth Amendment to The United States Constitution, were violated when DEFENDANTS failed and/or refused to comply with the provisions of IDEA, including but not limited to, their failure and/or refusal to adopt and implement an I.E.P. for the child. PLAINTIFFS also advance several state law claims under the pendent and/or supplemental jurisdiction of the Court: Outrage/Intentional Infliction of Emotional Distress; Negligent/Wanton Supervision by DEFENDANT MILDRED ELLISON, Negligent/Wanton Supervision by DEFENDANTS Board of Education Members; and Loss of Services of a child. The cause of action for outrage is based upon the above-quoted remarks made to the child by DEFENDANT DONNIE FINLAYSON. PLAINTIFFS further contend that DEFENDANT**

**MILDRED ELLISON, as superintendent of the school district, was negligent/wanton in her supervision of DEFENDANTS DONNIE FINLAYSON and DARRYL BAKER. PLAINTIFFS also contend that the DEFENDANT members of the school board were negligent/wanton in their supervision of DEFENDANT MILDRED ELLISON. PLAINTIFF parents contend that they have lost the love and affection of their child due to mistreatment of the child as alleged in the complaint. PLAINTIFFS further contend that none of the DEFENDANTS are entitled to any category of State-law immunity because they have all acted illegally, in bad faith, fraudulently, or under a mistaken interpretation of law. The PLAINTIFF child's alleged damages are principally physical pain and suffering as well as mental anguish and emotional distress. The PLAINTIFF parents assert mental anguish and emotional distress.**

**(b) The defendant(s) deny all material averments of the Plaintiffs' Complaint except that Daryl Baker, Donnie Finlayson and Mildred Ellison were educators employed by the Chilton County Board of Education and Ann Glasscock, Alan Childress, Ann Thomas, Joe Mims, Peggy Harris, Curtis Smith and Michael Gothard were members of the Chilton County Board of Education at times relevant to the litigation. The defendants argue that they are innocent of the allegations made against them; the Complaint fails to state a claim upon which relief can be granted; plaintiffs' claims are barred by the Eleventh Amendment to the United States Constitution, and the defenses of sovereign immunity; they are entitled to qualified immunity; they did not deprive the plaintiffs of their civil rights under the Fourteenth Amendment; they did not deprive the plaintiffs of their procedural due process rights under the Fourteenth Amendment; they did not deprive the plaintiffs of their equal protection rights under the Fourteenth Amendment; they did not deprive the plaintiff student of any rights**

**under the Individuals with Disabilities Education Act, 20 U.S.C. § 1400** *et seq.***; an award of punitive damages in this case would violate the United States Constitution and also the Alabama Constitution. The Plaintiffs' claim for punitive damages violates the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments of the United States Constitution; based on both the Due Process Clause and the Eighth Amendment, on appeal, the constitutionality of an award of punitive damages is to reviewed using a** *de novo* **standard, since the jury's award of punitive damages does not constitute a finding of fact; to the extent the Alabama Constitution is applicable, the plaintiffs' claim of punitive damages violates the Due Process Clause of the Alabama Constitution (1901); Plaintiffs' claim for punitive damages violates Article I, § 15 of the Alabama Constitution (1901) in that it constitutes an excessive fine as well as cruel and unusual punishment; Plaintiffs' claim of punitive damages violates Article I, § 10, Clause 1 of the United States Constitution and Article I, § 22 of the Alabama Constitution (1901) in that it violates the prohibition against laws that impair the obligations of contracts; Plaintiffs' claim of punitive damages constitutes an unreasonable and excessive award in that it bears no reasonable relationship to any harm the plaintiffs allegedly suffered as a result of the defendants' conduct or any harm that actually occurred to the plaintiffs; Plaintiffs' claim of punitive damages is subject to the "clear and convincing" and "substantial evidence" standards of proof contained in Alabama Code § 6-11-20(4) (1975) pursuant to the Due Process Clause of the Alabama Constitution (1901);  to the extent the plaintiffs claim the defendants have lost their Eleventh Amendment immunity due to acceptance of federal funds (such as arguing a contractual relinquishment of Eleventh Amendment immunity), the defendants say that their loss of immunity and, hence, their total possible liability here, would**

**be the consideration given by the federal government, namely the amount of federal funds received by the Chilton County Board of Education, the only federal funds recipient among all the parties; the defendants serve notice that they, too, intend to seek attorneys' fees, should they, or any of them, be the prevailing party in this litigation; the defendants are entitled to sovereign immunity; the defendants are entitled to state agent immunity, discretionary immunity, discretionary function immunity, parental immunity, and statutory immunity, both federal and state; the defendants plead the school masters defense; the plaintiffs have failed to exhaust administrative remedies and, as such, the Complaint is due to be dismissed; the plaintiffs have failed to exhaust their administrative remedies under the Individuals with Disabilities Education Act, and as such, the Complaint is due to be dismissed; the Court lacks jurisdiction over this matter because the sole remedies of the plaintiffs are administrative; these defendants stand *in loco parentis* to the minor plaintiff and, as such, the proper burden of proof of against them is by clear and convincing evidence, not any other standard; the defendants deny the existence of a duty; the defendants deny the breach of any duty; the defendants deny any breach of professional duty; the defendants deny that any action or inaction by them caused or contributed to cause the injuries complained of; the defendants deny that the plaintiff parents have lost the services of their child; the defendants deny any outrageous conduct; the defendants plead privilege; the defendants plead conditional privilege; the defendants plead statutory privilege; the defendants plead the defense of lack of notice and, further, the defenses of laches, waivers and estoppel; the plaintiffs have failed to mitigate damages. there are no genuine issues of material fact and the defendants are entitled to summary judgment as a matter of law; there are no genuine issues of material fact**

**and the defendants are entitled to summary judgment as a matter of law; the plaintiffs have failed to exhaust the administrative remedies required under the Individuals with Disabilities Education Act, 20 U.S.C. § 1400** *et seq.* **("IDEA"); plaintiffs have failed to submit substantial evidence that it would be futile or improbable to obtain adequate relief by exhausting the administrative remedies under the IDEA; plaintiffs cannot show that the plaintiff student is entitled to special education services under the IDEA; no claim under the IDEA can be brought against an individual, and thus, the individual defendants are entitled to summary judgment; plaintiff's claims under 42 U.S.C. § 1983 are attempts to circumvent the administrative procedures provided for in the IDEA; the individual defendants are entitled to qualified immunity; the plaintiff student has no property interest in becoming a cheerleader, and thus, has no interest protected by the Due Process Clause; plaintiffs cannot establish a constitutional violation based on their allegation that the plaintiff student was denied access to the restroom; allegations of comments made by Principal Finlayson and Superintendent Ellison to the plaintiff student do not violate the IDEA; plaintiffs cannot show that the plaintiff student suffered any damage for not being allowed to use the restroom during instructional time; none of the plaintiffs' claims rises to the level of a constitutional or federal violation, and thus, the individual defendants are entitled to summary judgment in their favor as to those claims; plaintiffs' claims against the individual educator defendants in their official capacities are redundant of their claims against the Chilton County Board of Education and are due to be dismissed; the alleged acts of the defendants do not satisfy the required elements for the tort of outrage; the Chilton County Board of Education is entitled to summary judgment on plaintiffs' State law claims against it pursuant to sovereign immunity; defendants**

**Mildred Ellison and the individual Board members are entitled to the protection of State-agent immunity as to plaintiffs' State law claims of negligent and wanton supervision; the individual defendant educators and Board members are entitled to summary judgment because there is no evidence of any wanton conduct by them; defendant educators Mildred Ellison, Donnie Finlayson and Daryl Baker are also protected by federal immunity; there is no evidence to support the plaintiffs' allegations that any defendant acted negligently at any time; the plaintiffs' State law claims are in effect an attempt to assert a claim for educational malpractice which is not a recognized cause of action in Alabama; summary Judgment is due to be granted on the plaintiff parents' claims for loss of services since they are derivative of the plaintiff student's claims; and the plaintiffs' request for relief fails to properly state a claim for declaratory relief.**

      **5.     STIPULATIONS BY AND BETWEEN THE PARTIES: Plaintiff Jessica W. was a**

**sixth and seventh grade student at Clanton Middle School during the 2003-04 and 2004-05 school years. Defendant Daryl Baker was one of the plaintiff student's seventh grade teachers at Clanton Middle School during the 2004-05 school year. Defendant Donnie Finlayson was the principal of Clanton Middle School during the 2003-04 and 2004-05 school years. Defendant Mildred Ellison was the superintendent of the Chilton County Board of Education during the 2003-04 and 2004-05 school years, Defendant Ann Thomas was a member of the Board during the 2004-05 school year, and Defendants Ann Glasscock, Alan Childress, Joe Mims, Peggy Harris, Curtis Smith and Michael Gothard were members of the Board during the 2003-04 and 2004-05 school years.**

It is ORDERED that:

(1) The jury selection and trial of this cause, which is to last five (5) days, are set for June 26, 2006, at 10:00 a.m., at the federal courthouse in Montgomery, Alabama;

(2) The parties are to file their pre-trial briefs, proposed jury selection questions, and proposed jury instructions by June 21, 2006;

(3) Each party shall have available at the time of trial, for use by the court (the judge, the courtroom deputy clerk, and the law clerk), three copies of the list of his or her exhibits;

(4) At least three days before trial, counsel are to contact the courtroom deputy clerk about the procedures for pre-marking all trial exhibits;

(5) Each party shall have available a sufficient number of copies of each photostatically reproducible exhibit for each of the jurors, opposing counsel, the courtroom deputy clerk, the law clerk, and the judge;

(6) All understandings, agreements, and stipulations contained in this pretrial order shall be binding on all parties unless an objection is noted and filed

with the court within seven (7) days from the date of this order.

DONE, this the 16th day of May, 2006.

                         /s/ Myron H. Thompson
                    **UNITED STATES DISTRICT JUDGE**